## Case No. 7,862.

### In re KITZINGER et al.

#### [19 N. B. R. 238.][1]

District Court, S. D. New York. May 20, 1879.

BANKRUPTCY—PAYMENT OF DIVIDEND—INTEREST.

1. Where payment of the dividend to a creditor is delayed through the action of the other creditors, or of the trustee, in objecting to his claim, interest should be allowed from the time the dividend became payable.

[Disapproved in Hersey v. Fosdick. 20 Fed. 44, 45.]

2. Where the trustee has not applied to have the creditors' dividend deposited to abide the result of the proceedings for its re-examination, and no particular moneys have ever been set aside as constituting such dividend, the creditor is entitled to interest at the rate allowed by the laws of the state.

[In the matter of Henry Kitzinger and Moritz Kitzinger, bankrupts.]

F. N. & C. W. Bangs, for creditors.
Jas. Dunne, for trustee.

CHOATE, District Judge. In this case the proof of claim by one Goldman was objected to by the trustee, but upon re-examination has been sustained as valid. [Case No. 7,-861.] The amended proof of claim on which the creditor is now held to have been entitled to his dividend was filed in Sept., 1878, and the dividend in which he has been prevented from sharing was then payable. He

now asks for an order that he be allowed interest on his dividend from the time it became payable to the present time. There are sufficient assets in the hands of the trustee to pay this interest, as well as the dividend itself. The application seems to be novel, and the diligence of counsel has not discovered any precedent either sustaining or forbidding the allowance of such interest. The bankrupt law clearly contemplated an equal pro rata distribution of the assets as between creditors. This equal distribution is certainly distributed if interest is not allowed to those creditors the payment of whose dividends is delayed through the action of other creditors in objecting to their claims. The payment of this creditor's dividend with interest now gives him, in contemplation of law, no more than the payment of their dividends to the other creditors in September, 1878, without interest gave to them. Unless interest is allowed, the distribution is, in a strict and proper sense, unequal. If the delay were voluntary on the part of the creditor, of course he would have no claim for interest, but his dividend has been withheld upon the motion and for the benefit of the trustee acting for all the other creditors, and it is just and right as against them that when his dividend is paid, it should be made equal to theirs, and this can only be done by giving him interest. It is not true, as suggested, that a part of the estate is thereby taken from them and given to him. It is true the amount of this interest is taken out of the assets, and given to him, to equalize his dividend with theirs; but he shares equally with them in making this contribution, since he equally with them loses the right of sharing in it as assets to be distributed among all the creditors by way of a dividend. I see nothing in Rev. St. § 5985, which shows an intention that interest should not be allowed in such a case. That section declares that the final judgment of the circuit court on an appeal from the decision of the district court upon the validity of a proof of claim shall be conclusive, and that the prevailing party shall be entitled to costs. It is argued that this excludes the allowance of interest for delay in payment of a dividend pending such an appeal. I do not think such an inference can fairly be drawn from its terms. The rule "expressio unius, exclusio alterius" does not apply except where it may fairly be supposed that the matter claimed to be excluded by inference, from that included in the statute, was in the mind of the legislator at the time of framing the statute. It seems to me that there is nothing in this section which indicates that the framers of this section had in mind this matter of equalizing the payments of dividends where there had been enforced delay in their payment. This section did not have to do with dividends, but with proofs of debt and their re-examination, and it would be too remote and doubtful a construc-

tion to infer from the allowance of costs an intention to disallow any equitable claim for indemnity which the principle of pro rata distribution otherwise plainly declared in the same statute might make just and proper.

It is suggested that the fund in the hands of the trustee has not earned interest, and that if it had been put at interest in any place of deposit which the court would have approved, it would have earned not more than two or three per cent. per annum, and it is therefore urged that if interest is allowed, it should not be at a higher rate than the fund would have earned. Perhaps, if the trustee had applied to have this creditor's dividend deposited in a trust company, to abide the result of the proceeding for its re-examination, there might be no just claim beyond the interest earned on it; but as that was not done, and no particular moneys have ever been set aside as constituting this creditor's dividend, he is entitled to have that sum which by the laws of New York makes good to him an equal dividend pro .rata with the other creditors; that is, the original amount of the dividend and interest at the current rate allowed by the laws here in force for delay in payment. Order accordingly.

[Full interest was allowed in Case No. 7,863.]