HERSEY and others, Assignees, *v.* FOSDICK

(*Circuit Court, D. Massachusetts.* April 23, 1884.)

BANKRUPTCY—INTEREST ON DIVIDENDS.

Assignees of an estate in bankruptcy are not bound to pay interest upon dividends which may be declared upon debts which have been fairly and reasonably disputed, from the time that like dividends were declared upon undisputed debts.

*Semble,* they may be ordered to pay such interest as has been earned upon funds set apart to meet the disputed claim.

At Law.

*Edward Avery* and *L. B. Thompson,* for appellant.

*Myers & Warner,* for Fosdick.

LOWELL, J. The petitioner, Fosdick, has been found by the district court, and afterwards by a jury here, a creditor of Charles F. Parker & Co. He now asks that the assignees be ordered to pay interest on the two dividends of 15 and 5 per cent., respectively, which were declared long since upon the acknowledged or undisputed debts. The large amount of the debt due the petitioner, and the time which has been spent in establishing it, make the interest a matter of some importance. The district judge, while sustaining the right to prove the debt, refused the request for interest.

It is admitted, for the purposes of this hearing, that the bankrupt firm were ruined by the fraud of one partner, who borrowed large sums for his own private purposes, and gave firm notes therefor. The debt of the petitioner was of that character; and the question for the court below, and for the jury here, was whether the petitioner had notice of the fraud. It is further admitted that this was a fair subject of doubt, proper to be referred to a jury. In a single case, such a claim was allowed: *Re Kitzinger,* 19 N. B. R. 238, 307. That decision, though by a very able judge, and sustained on appeal, is a new departure in the law of bankruptcy. Of the almost numberless cases in which a proof has been contested, no other has been found in which such an allowance has been made. By the act of 49 Geo. III. *c.* 121, § 12, the action of *assumpsit* for recovery of a dividend was abolished, and

a remedy by summary petition was substituted, and the lord chancellor was authorized, when justice appeared to him to require it, to order payment of interest for the time the dividend should have been withheld. See 2 Christ. Bankr. Law, 477. This statute refers to dividends ordered upon debts duly proved, and to a mode of managing the estates of bankrupts which is now superseded. The assignees took the funds, and dealt with them as trustees; and it was one of the abuses of the system that they would delay payment of dividends after they had been declared by the commissioners, in order to make interest for themselves. By the old law, they could be sued for the several amounts, and, no doubt, were bound to pay interest for the delay. But it was a delay in paying a debt due from themselves after it had been judicially ascertained. It is to this practice that the statute is addressed, and it is under this statute, I have no doubt, that the case cited by counsel was decided. *Ex parte Loxley*, 1 Glyn & J. 345. See *Ex parte Graham*, 1 Rose, 456; *Ex parte Atkinson*, 3 Ves. & B. 13; *Ex parte Alsopp*, 1 Madd. 603. In this last case, the reason for paying interest is given by the vice-chancellor that a debt proved is like a judgment which the assignees cannot refuse to respect excepting by a direct motion to expunge. If they fail to take the appropriate action to review the proof, they cannot resist payment of the dividend, and may be bound to pay interest. In this case the debt was suspended and never admitted to proof until now, by order of the court, upon the verdict rendered.

I can see no reason why, because a creditor finally prevails in a claim honestly and fairly disputed by the assignees, he should have more than his dividend. Not, surely, as damages for withholding something due him, for there is nothing due him in bankruptcy until his debt, both as to its legality and its amount, has been ascertained. Not as matter of contract, for there is no contractual relation between the parties. I am confident that the practice has always been against it, and that it is both just and expedient that the general creditors should be at liberty to investigate doubtful claims, without the liability to such a penalty as would be imposed upon them by granting this petition. I do not say that if funds have been set aside to meet a large claim of this kind, and have earned interest, the court has not power to order the precise amount of interest so earned on a sum which proves to be the creditor's money, to be paid to him. The case of *Kitzinger, ubi supra*, rejects this ground of relief, and gives the creditor a larger rate than his money had actually earned. The record in this case does not inform me whether such interest has been received. If it has, the district judge must pass upon the case if the petitioner sees fit to bring it before him. His former decision related only to the time before the appeal, and in respect, at least, to the considerable time which has since elapsed, I see no impropriety in asking him to hear the case again.

Petition denied.