**Robin I. BRYANT and Clarence A. Lounsbury, Appellants,**

**v.**

**B. & L. FARMS CO., Bankrupt, Appellee.**

**No. 21409.**

United States Court of Appeals Fifth Circuit.

April 7, 1965.

Rehearing Denied May 6, 1965.

Jones, Circuit Judge, dissented.

Robert A. Hendricks, Robert E. Venney, Hendricks & Hendricks, Miami, Fla., for appellant Robin I. Bryant.

Robert Shupack, Jim McDonald, Homestead, Fla., Tom Maxey, Coral Gables, Fla., for appellant Clarence A. Lounsbury.

Weyman Hickey, Edwin L. Hubbard, Hubbard & Hickey, Coral Gables, Fla., for appellees.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and GROOMS, District Judge.

GROOMS, District Judge:

Appellants Bryant and Lounsbury filed their claims as unsecured creditors in the bankruptcy proceeding of B. & L. Farms Co., a corporation, in the amounts of $87,829.30 and $146,812.68, respectively. Upon objections to the claims, the Referee entered an order allowing same, but subordinated $50,000.00 of each claim to the rights and claims of all other unsecured creditors. On petition for review, the District Court by order of March 10, 1961, determined that the claims should be allowed without subordination. This Court affirmed. 309 F.2d 886.

Dividends were authorized and paid to other unsecured creditors, in the amount and on the following dates:

| | |
|---|---|
| April 1, 1960 .............. | 25% |
| July 18, 1960 ............. | 5% |
| December 6, 1960 ......... | 5% |
| September 6, 1961 ........ | 12½% |
| Total .................... | 47½% |

No monies were paid on appellants' claims until February 2, 1963, when 47½ per cent of each claim was paid.

Following the issue of the Mandate of this Court, appellants moved that the Court assess and require the Trustee to pay interest on the several dividends withheld at the legal rate from the dates of payment of dividends to other creditors until the date of the payment to them of the 47½ per cent dividend. The Referee allowed interest at 2½ per cent, the rate received on time deposit of the funds in the Trustee's account from March 10, 1961,[1] until February 2, 1963. Petitions for review were denied.

The question for review is whether the Court erred in disallowing interest at the legal rate from the several dates of payments of dividends to other unsecured creditors to the date of the payments to appellants.

The precise question here presented does not appear to have been heretofore presented to an appellate court. The question, however, has been presented in three cases in courts below.

In In re Kitzinger, 19 N.B.R. 238, 14 Fed.Cas. p. 713 (Case No. 7862, SD NY 1879),[1a] the right to interest at the legal rate on withheld dividends was allowed. There the court said:

"The bankrupt law clearly contemplated an equal pro rata distribution of the assets as between creditors. This equal distribution is certainly distributed [disturbed] if interest is not allowed to those creditors the payment of whose dividends is delayed through the action of other creditors in objecting to their claims. The payment of this creditor's dividend with interest now gives him, in contemplation of law, no more than the payment of their dividends to the other creditors in September, 1878, without interest gave to them. Unless interest is allowed, the dis-tribution is, in a strict and proper sense, unequal. * * * [H]is dividend has been withheld upon the motion and for the benefit of the trustee acting for all the other creditors, and it is just and right as against them that when his dividend is paid, it should be made equal to theirs, and this can only be done by giving him interest."

In Hersey v. Fosdick, (C.C.D.Mass.) 20 F. 44 (1884), the court held that interest was not allowable.

It will be observed that both of these cases were decided prior to the Bankruptcy Act of 1898. Section 65, sub. c of that Act [2] comes to us unchanged, and provides:

"The rights of creditors who have received dividends or in whose favor final dividends have been declared shall not be affected by the proof and *allowance of claims subsequent to the date of such payment* or declarations of dividends; but *the creditors* proving and *securing the allowance of such claims shall be paid dividends equal in amount to those already received* by the other creditors, if the estate equals so much, before such other creditors are paid any further dividends." (Emphasis supplied)

In the Matter of The Utica Pipe Foundry Company, (N.D.N.Y.) 36 Am.Bankr. R. 217 (1916), the court followed In re Kitzinger, supra, and cited as supporting authority, as do appellants, cases involving the allowance of interest on dividends withheld in insolvent bank receivership proceedings, including Armstrong, as Receiver v. American Exchange National Bank of Chicago, 133 U.S. 433, 470, 10 S.Ct. 450, 462, 33 L.Ed. 747, 761, where it was said:

"In the present case the claims of the plaintiff, as allowed, do not include interest beyond the date when

---

1. The date, as above shown, of the lower court's order allowing the claims in full.

1a. Also, Case No. 7863, involving the same claim on further hearing.

2. 11 U.S.C.A. § 105, sub. c.

the bank failed. Interest upon the dividend which it ought to have received on the 31st of October, 1887, is a different matter. The allowance of that interest is necessary to put the plaintiff on an equality with the other creditors."

and Chemical Nat. Bank of City of New York v. Armstrong, as Receiver, 6 Cir., 59 F. 372, 384, 28 L.R.A. 231,[3] where the court, composed of Circuit Justice Brown and Judges Taft and Lurton, held that:

"It is equitable and just, therefore, that the share of the other creditors in the assets of the bank should be reduced by enough to pay the interest on the delayed dividends on the $100,000 from the date of the rejection of the claim until such dividends are paid. This conclusion is fully sustained by the decision of the supreme court in the case of Armstrong v. Bank, 133 U.S. 433, 10 Sup. Ct. 450 [33 L.Ed. 747]."

It is well to observe that we are not here dealing *with interest on claims* in bankruptcy,[4] but *interest on dividends withheld* after creditors of the same class had been paid the dividends due them.

To carry out what appears to be the spirit and intent of Section 65, sub. c, that creditors, whose claims are allowed subsequent to the date of payment of dividends to others of the same class, "shall be paid dividends equal in amount to those already received," it is equitable and just and in line with the better-reasoned authority that interest at the legal rate be paid on the dividends withheld to the extent that funds are available to pay such interest. In no other way can appellants be put upon a footing with other creditors who received their dividends.[5]

Appellants will be allowed interest at the legal rate on the dividends they should have received from the dates payments were made to others to and including the dates of payments to appellants.

The judgment is reversed and the case remanded for further proceedings not inconsistent herewith.

JONES, Circuit Judge (dissenting):

As between the appellants and unsecured creditors, it seems to me that the latter have the better equity. I would not take money from them in order to pay interest to the appellants because of an erroneous determination of a close question of law by the referee and the district court. Therefore, I

Dissent.

Rehearing denied; JONES, Circuit Judge, dissenting.

---

3. See also, Malcomson v. Wappoo Mills, (C.C.D.So.Car.) 99 F. 633.

