## UBBO A. UBBEN

*v.*

## WILLIAM H. BINNIAN.

*Opinion filed October 25, 1899—Rehearing denied December 13, 1899.*

CONTRACTS—*a contract construed as not being an illegal option.* An agreement by a seller of stock to buy it back in five years and pay therefor the purchase price, with interest, less dividends declared, supplemented by the purchaser's agreement not to dispose of the stock without first giving the seller an opportunity to buy it upon the terms offered by others, is not a void gambling contract under section 130 of the Criminal Code. (*Wolf* v. *National Bank of Illinois,* 178 Ill. 85, followed.)

*Ubben* v. *Binnian,* 78 Ill. App. 330, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Tazewell county; the Hon. T. M. SHAW, Judge, presiding.

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court of Tazewell county for costs and in bar of an action brought by the appellant, Ubbo A. Ubben, against appellee, William H. Binnian.

The amended declaration contained four special counts and the common counts. The first count alleged, in substance, that the defendant, Binnian, and one Stone, since deceased, who were then, respectively, the secretary and president of the Acme Harvester Company, for

the consideration of $10,000 then advanced to them by the plaintiff, Ubben, issued to him a certain certificate of one hundred shares, of $100 each, of the capital stock of said company, and as a part of the same transaction and for the same consideration made and endorsed on the back of said certificate, and delivered to him, an agreement in writing, as follows:

"PEORIA, *Jan. 4, 1892.*

"We hereby agree that five years after date we will buy back from Ubbo A. Ubben the within one hundred shares of Acme Harvester stock, paying for same $10,000, and six per cent interest from date, after deducting any and all dividends that may be made upon same within that time.

W. E. STONE,
W. H. BINNIAN.

"I hereby agree not to sell said within shares of Acme Harvester Company stock without first giving W. E. Stone and W. H. Binnian an opportunity to buy at same terms offered to me by others.          UBBO A. UBBEN."

And further alleged that the plaintiff received said certificate of stock and said contract for said consideration of $10,000, and did not thereafter sell said stock without first giving said Binnian and Stone an opportunity to buy at the terms offered by others; that Stone died testate, and letters testamentary were issued to his executrix, and that plaintiff tendered said stock to her and to Binnian, according to the terms of the agreement, but that they, and each of them, refused to receive and pay for the same, whereby they became liable, etc., and being so liable, the defendant, Binnian, in consideration thereof, promised the plaintiff to pay him, etc. The second count did not set out the contract in *hæc verba,* but alleged that Binnian and Stone bargained for and bought of the plaintiff, and the plaintiff sold to them, said stock, to be delivered in five years, stating the terms of the contract of sale as one of bargain and sale, and thereafter the count proceeded in substantially the same language as did the first. The third count alleged that

Binnian and Stone were jointly and severally indebted to the plaintiff in the sum of $10,000 for money advanced to them, and that for the purpose of securing the payment of said indebtedness said certificate of stock, and said agreement made and endorsed thereon, (setting out the same in *hæc verba,*) were made and delivered to him as such security. The fourth count was upon the contract, substantially as the first, except that it alleged that the plaintiff received said certificate of stock and said agreement for the purpose of transferring the title to said certificate to Binnian and Stone, for the consideration of said sum of $10,000, five years after January 4, 1892, together with six per cent interest per annum on said sum, less any dividends received upon said stock, and that at the time of issuing said stock it did not have, and has not since had, any marketable value or quotation in the public market at any place, and that the time for performance of the contract was not fixed for the purpose of speculating upon the rise or fall in the value of said stock, and there was no intention or agreement that said contract should be performed by any settlement or adjustment of differences between the market and the contract price, but that said contract was made in good faith, for the purpose of selling said stock to said Binnian and Stone.

The circuit court sustained defendant Binnian's demurrer to the first, third and fourth counts and overruled it as to the second. The plaintiff abode by his first, third and fourth counts. The general issue was pleaded to the second count and to the common counts. The defendant also pleaded to the second count that the contract therein mentioned was the same contract set up in the other special counts, and that the same constituted an option, and was in violation of the statute and was null and void. To this plea the plaintiff replied in substantially the same terms as set forth in the third count, alleging that Binnian and Stone were indebted to him, and alleging the

pledge of the stock as security therefor. Defendant's demurrer was sustained to this replication and the plaintiff refused to plead over. A jury was empaneled to try the issues of fact made under the common counts and on the first plea to the second count, but after the plaintiff had rested upon the evidence adduced on his behalf, the court, on motion of the defendant, instructed the jury to find their verdict for the defendant. A verdict was so returned and judgment was entered accordingly.

W. R. CURRAN, for appellant.

JACK & TICHENOR, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

We are of the opinion that the circuit court erred in sustaining the demurrer to the first and fourth counts of the amended declaration, and to the replication to the second plea to the second count, and in instructing the jury to find their verdict for the defendant. The ground upon which the circuit court, and, on appeal, the Appellate Court, proceeded, was that the contract sued on was a contract for an option, which is declared by section 130 of the Criminal Code to be a gambling contract and void. Since the judgment in this case was affirmed by the Appellate Court we have had occasion to construe a contract similar in all its legal aspects to the one here in question, so far as affected by the said section of the Criminal Code, and we reached the conclusion that such contracts do not fall within the category of those condemned by the statute; that they are not gambling contracts and are not void. (*Wolf* v. *National Bank of Illinois*, 178 Ill. 85.) On this question the case at bar is "on all fours" with the case cited and must be controlled by it. Under the allegations of the first, second and fourth counts, and under the evidence adduced, the plaintiff was entitled to recover.

The judgments of the Appellate and circuit courts are both reversed, and the cause is remanded to the circuit court for further proceedings in accordance with the views we have expressed. *Reversed and remanded.*