(No. 11493.—Appellate Court reversed; circuit court affirmed.)
GEORGE R. STEWART, Plaintiff in Error, vs. WILLIAM E.
Dodson, Defendant in Error.

*Opinion filed December 19, 1917—Rehearing denied Feb. 6, 1918.*

1. CONTRACTS—*what is not a gambling contract within meaning of section 130 of Criminal Code.* A contract whereby one party agrees to re-purchase certain stock sold by him to the other party within one year upon notice and for a certain price, the agreement to become void if the owner refuses to sell, is not a gambling contract within the meaning of section 130 of the Criminal Code.

2. APPEALS AND ERRORS—*when defendant in error must assign cross-errors in Supreme Court.* Where the Appellate Court has reversed a judgment without remanding the cause upon the ground there was no right of action, the defendant in error in the Supreme Court, if he desires alleged errors in the trial court which prevented him from making his defense to be corrected upon another trial in case the judgment is reversed, must assign cross-errors, otherwise no points can be raised by him except those in support of the judgment of the Appellate Court.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

GEORGE W. WILBUR, for plaintiff in error.

BUELL & ABBEY, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Plaintiff in error, George R. Stewart, secured a judgment in the circuit court of Cook county against William E. Dodson, defendant in error, for $1800. On appeal to the Appellate Court for the First District the judgment of the circuit court was reversed without remanding, and the record of the Appellate Court has been brought here for review by *certiorari.*

The original declaration consisted of a special count and the common counts. The special count charged that on

March 8, 1913, the defendant in error entered into a written contract with the plaintiff in error in the words and figures following:

"This agreement, made and entered into this 8th day of March, 1913, by and between George R. Stewart, of the city of Chicago, county of Cook and State of Illinois, party of the first part, and William E. Dodson, of the city of Chicago, county of Cook and State of Illinois, party of the second part:

"*Witnesseth:* Whereas, that said party of the first part has heretofore purchased from the said party of the second part 200 shares of the capital stock of the National Machine Recorder Company; and whereas, the said party of the first part may be desirous of selling and disposing of the said 200 shares of stock:

"Now, therefore, it is mutually agreed between the parties hereto, each with the other, that if the said party of the first part be desirous of selling and disposing of the said 200 shares of stock one year from the date hereof at $9 per share, and upon notice in writing of such desire thirty days prior to the expiration of this contract to the party of the second part, the said party of the second part will one year from the date hereof purchase the said stock at the said price of $9 per share. But said party of the second part shall have the right, at any time on or before one year from the date hereof, upon written notice by him and tender of the sum of $1800, to purchase said 200 shares, and should said party of the first part then be unwilling or refuse to sell the same, this contract shall thereupon terminate and be void without any further liability or obligation against either party hereto. Time being of the essence of this contract.

"In witness whereof we have hereunto set our hands and seals the day and year first above written.

GEORGE R. STEWART, (Seal)
WILLIAM E. DODSON. (Seal)"

—that on February 2, 1914, plaintiff in error notified defendant in error, in writing, of his election to sell and dispose of the shares of stock mentioned in the contract to defendant in error for the sum of $1800, but that defendant in error refused to comply with the terms of the agreement above set forth. In the special count plaintiff in error offers to surrender to defendant in error the certificates of stock upon the payment to him of the sum of $1800. To this declaration defendant in error interposed the plea of the general issue, and filed an affidavit of merits denying

282 — 13

the service of notice and tender of the stock and asserting the invalidity of the agreement. The special count was amended. The amendment set up the circumstances under which it is alleged plaintiff in error purchased the shares of stock from defendant in error and the controversy which arose between them resulting from charges of fraud and misrepresentation, and the fact that the contract sued on was made in a settlement of the controversy. After pleas had been filed to the declaration as amended and demurrers to the same had been sustained, plaintiff in error secured leave to strike the amendment to the declaration, leaving the declaration as originally filed. Upon motion the court struck the affidavit of merits filed by defendant in error and rendered judgment against defendant in error as by default for $1800.

The Appellate Court was of the opinion that the agreement of March 8, 1913, was a gambling contract and in violation of section 130 of the Criminal Code, and for that reason the judgment of the circuit court was reversed without remanding the cause. In its opinion the Appellate Court relies upon *Schneider* v. *Turner,* 130 Ill. 28, and in his contention here defendant in error relies almost wholly upon that case to sustain the judgment of the Appellate Court.

Section 130 of the Criminal Code, as in force at the time of the making of the contract of March 8, 1913, provided that "whoever contracts to have or give to himself or another the option to sell or buy, at a future time, any grain, or other commodity, stock of any railroad or other company, or gold, * * * shall be fined * * * and all contracts made in violation of this section shall be considered gambling contracts, and shall be void." It is the contention of defendant in error that the contract in question is an option contract and comes within the provisions of this section of the statute. Plaintiff in error does not contend that it is not an option contract, but contends only that it does not fall within the provisions of the statute.

We had before us in *Schneider* v. *Turner, supra,* a contract very similar to the one here under consideration. We there held that this section of the Criminal Code was not intended to make unlawful merely such option contracts as contemplate a settlement by differences,—or, in other words, merely gambling contracts,—as such contracts were illegal and void before such section was ever enacted; that the statute goes much further and makes all contracts of option to buy or sell at a future time any grain or other commodity, stock, etc., gambling contracts and void, whether intended to be settled by differences or not, and we held the contract there under consideration to be within the provisions of the statute. While the *Schneider case* has not been expressly overruled, its holding has not been adhered to but has been departed from in later cases. In *Schlee* v. *Guckenheimer,* 179 Ill. 593, we held that a contract of sale by which the purchaser of a quantity of barley is given the privilege of purchasing a certain additional quantity at the same price if taken before a certain day in the future is not void as an option contract prohibited by this section of the statute. In *Wolf* v. *National Bank of Illinois,* 178 Ill. 85, it was held that a contract by which a bank, on selling staple bonds, agrees to re-purchase them at a specified time in the future at their selling price, with interest from date of selling, is a contract of conditional sale and not an option contract where both parties acted in good faith, the purchaser having refused to take the bonds unless the bank would agree to take them back and both parties believing they had the authority to do so. This holding was followed in *Ubben* v. *Binnian,* 182 Ill. 508. In *Osgood* v. *Skinner,* 211 Ill. 229, an agreement by the purchaser of property who turned in certain shares of stock as part of the purchase price, to purchase such stock at par value upon written notice on or before a certain date, was held not to be an option or gambling contract within this section of the statute; and in *Kantzler* v. *Bensinger,* 214 Ill. 589, it was

held that a contract whereby one party agreed, at any time within a certain period, to purchase from the other a specified number of shares of stock at a guaranteed book value, was not such an option contract as is illegal under the statute even though the second party was not obligated to sell. In each of the last two mentioned cases it was stated that it is only contracts for options which are in the nature of gambling transactions which come within the meaning of section 130 of the Criminal Code. In *Pratt & Co.* v. *Ashmore,* 224 Ill. 587, and in *First Nat. Bank* v. *Miller,* 235 id. 135, we held that to invalidate a contract under this section of the statute it must appear that both parties intended to settle by the payment of differences and not by delivery of the commodity sold or purchased, and that such intention may be established not merely by the assertion of the parties but by the facts and circumstances attending the transaction, including the nature and manner of carrying on the business. In *Bawden* v. *Taylor,* 254 Ill. 464, it was held that a stockholder in a publishing corporation negotiating for the sale of its publications to another company, who would be able to make the sale only by purchasing the shares of stock owned by another stockholder, did not violate this section of the statute by securing an option on such stock for a certain price within a specified period, and that the statute prohibiting gambling in grain or stocks does not make it a crime for one engaged in an ordinary and legitimate business transaction to obtain a price on stocks as a part of such transaction or incident thereto, where there is no attempt to use the contract as a cover for a wager on the price of the stocks.

There is nothing in this contract to indicate that it was not intended that certain specified shares of stock were to be delivered or that it was the intention of the parties to settle on differences, nor is there anything about the contract that can be said to indicate an attempt to use it as a cover for a wager on the price of the stock. The contract

discloses that the stock in question had been purchased by plaintiff in error from defendant in error, and that it was this identical stock that defendant in error agreed to repurchase from the plaintiff in error upon thirty days' written demand, at the price specified. Under the holdings in the cases above referred to this is clearly not such an option contract as comes within the provisions of section 130 of the Criminal Code, and the Appellate Court was in error in reversing the judgment of the circuit court upon that ground.

Defendant in error contends that the judgment of the Appellate Court should be sustained for the reason that the declaration fails to allege any tender of the stock to him, and that the circuit court erred in refusing to allow him to file an additional affidavit of merits and in entering judgment as by default when the plea of the general issue had been interposed. Defendant in error has the right, without assigning cross-errors, to sustain the judgment of the Appellate Court upon any ground warranted by the record, whether the reasons given by that court in its opinion are sufficient to sustain its judgment or not; but as a matter of practice, where the defendant in error desires alleged errors against him to be corrected upon another trial in case the judgment is reversed, he must assign cross-errors. (*Pelouze* v. *Slaughter,* 241 Ill. 215.) The matters complained of by defendant in error do not go to the right of plaintiff in error to maintain his action, but simply question the correctness of the action of the trial court in refusing to allow him to make his defense. By reversing the judgment of the circuit court without remanding the cause the Appellate Court held that plaintiff in error had shown no cause of action. The only relief which defendant in error could secure if his contentions, other than that the contract was a gambling contract, were sound, would be a reversal of the judgment of the Appellate Court and a remandment of the case to that court, with directions to remand it to the circuit court for a new trial. He can only secure such re-

lief by the assignment of cross-errors in this court. Having failed to do this, no points raised by him can be considered except those in support of the judgment of the Appellate Court.

For the reasons given the judgment of the Appellate Court is reversed and the judgment of the circuit court is affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of circuit court affirmed.*