FRANK B. PECKHAM *vs.* INDUSTRIAL SECURITIES COMPANY, a corporation duly incorporated and existing under the laws of the State of Delaware.

(*January* 13, 1922.)

RICHARDS, J., sitting.

*James H. Hughes, Jr.*, for plaintiff.

*James I. Boyce* for defendant.

Superior Court for New Castle County, January Term, 1922.

RICHARDS, J., delivering the opinion of the Court:

This action was brought in the Superior Court of this county, being No. 166 to the September Term, 1920, on a contract entered into in the State of Illinois, the material part of which is as follows:

"Know all men by these presents, that the Industrial Securities Company,· a corporation duly organized and existing under the laws of the State of Delaware, and transacting business in the City of Chicago, State of Illinois, for a good and valuable consideration hereby agrees to resell and secure for and pay over to the holder of this contract the sum of twelve hundred ninety-four dollars on the 31st day of December, 1919, at the office of said Company in the City of Chicago, State of Illinois, providing said original holder·desires·to sell the within named stock as described in Certificate No. 27788."

The defendant filed a plea contending that the contract declared upon was a gambling contract under *section* 130 of the Illinois Criminal Code (*Hurd's Rev. St.* 1912, *c.* 38), and, therefore, void; said section being as follows:

., "Whoever contracts to have or give to himself or another the option to sell or buy, at a future time, any grain, or other commodity, stock of any railroad or other company, or gold, or forestalls the market by spreading false rumors to influence the price of commodities therein, or corners the market, or attempts to do so in relation to any of such commodities, shall be fined not less than $10 nor more than $1,000, or confined in the county jail not exceeding one year, or both; and all contracts made in violation of this section shall be considered gambling contracts, and shall be void."

This plea was demurred to by the plaintiff.

██ *Schneider v. Turner*, 130 *Ill.* ·28, 22 *N. E.* 497, 6 *L. R. A.* 164; one of the early cases in which this statute was ¡construed by the Illinois courts, and in which the contract was similar to the one in question, held that such contracts were gambling contracts within the meaning of the Criminal Code, and, therefore, void. °

While this case has never been expressly overruled by the Illinois Court, the later· cases have held that similar contracts

were not gambling contracts within the meaning of the Criminal Code. *Pratt & Co. v. Ashmore*, 224 *Ill.* 587, 79 *N. E.* 952; *First National Bank v. Miller*, 235 *Ill.* 135, 85 *N. E.* 312; *Bawden v. Taylor*, 254 *Ill.* 464, 98 *N. E.* 941.

In *Stewart v. Dodson*, 282 *Ill.* 192, 118 *N. E.* 405, 1 *A. L. R.* 1544, which seems to be the latest case decided by the Illinois court on the subject, the court held that a contract very much like the one in question was not a gambling contract, and this seems to be the construction which the courts of that state place upon the statute today.

This Court feels that the decision of the Illinois courts are binding upon it, and consequently sustain the plaintiff's demurrer.