# WALLACE BANK & TRUST COMPANY, Appellant, v. FIRST NATIONAL BANK OF FAIRFIELD, IDAHO, and C. C. SILL, Successor of RENSSELAER L. CURTIS, Resigned and Deceased, as Receiver of Said First National Bank, Respondents.

[237 Pac. 284.]

CONTRACTS—CONSTRUCTION—INTENTION OF PARTIES—CONTRACT TO PURCHASE PROMISSORY NOTES — UNIFORM SALES LAW — MEASURE OF DAMAGES—RECEIVERS—PROVABLE CLAIMS—DEFENSES—ULTRA VIRES —NATIONAL BANKING ACT — TRIAL — INSPECTION OF BOOKS AND PAPERS—DISCRETION OF COURT.

1. The primary test as to the character of a contract is the intention of the parties to be gathered from the whole scope and effect of the language used, and mere verbal formulas, if inconsistent with the real intention, are to be disregarded. It does not matter by what name the parties chose to designate it.

2. An agreement to purchase a specific note upon written demand, and to pay therefor the full face value thereof set forth in the agreement plus accruing interest, is a promise to pay on demand the sum named, and the measure of damages on refusal to purchase and pay on demand is the amount named in the agreement, and not the difference between the market value of the note and the contract price.

3. Such an agreement is not a contract for the sale of "goods" but of a thing in action, and is not subject to the uniform sales law.

4. Upon written demand made, the amount of such a contract became due and payable, the contract was fully executed on the part of the appellant, and the amount thereof is provable as a claim in receivership; and the receiver had no option as to adopting or refusing to adopt the contract.

5. The defense of *ultra vires* must be pleaded, and cannot be raised for the first time on appeal.

6. The validity of acts of banks or their officers prohibited by the National Banking Act, without imposing any penalty or forfeiture, can ordinarily be questioned only by the United States and not by private parties.

7. It is not an abuse of discretion for a court to deny a motion for a general examination of all of the books, documents,

files, letters, papers, accounts, records and correspondence of an opposite party, which does not set out particularly the specific book or document sought to be examined, where the motion includes many books and papers which could not be reasonably expected to contain evidence relating to the merits.

APPEAL from the District Court of the Fourth Judicial District, for Camas County. Hon. H. F. Ensign, Judge.

Action on contracts to repurchase promissory notes. Judgment for plaintiff for one dollar. Plaintiff appeals. *Reversed.*

James E. Babb, for Appellant.

The recovery of the full purchase price was the intention of the contract, since the bank did not in first instance purchase save upon condition for repayment of the purchase price and taking back the sold securities at face and interest. Such an arrangement is in reality a loan only, to be recovered back on demand, same as a note payable on demand, or a sale with stipulation for repurchase which, in legal effect, is a stipulation for rescission and repayment. (*Wolf v. National Bank of Illinois,* 178 Ill. 85, 52 N. E. 896; *Boynton v. Woodbury,* 101 Mass. 346; *Litchfield v. Irvin,* 51 N. Y. 51; *Sponge Exchange Bank v. Commercial Credit Co.,* 263 Fed. 20.)

The demand sued upon was one provable against and in the receivership. (*Wolf v. National Bank of Illinois, supra; Roehm v. Horst,* 178 U. S. 1, 20 Sup. Ct. 780, 44 L. ed. 953; *Central Trust Co. v. Chicago Auditorium Assn.,* 240 U. S. 581, 36 Sup. Ct. 412; 60 L. ed. 811, L. R. A. 1917B, 580; *Penn Steel Co. v. New York City Ry. Co.,* 198 Fed. 721, 117 C. C. A. 503; *Howard v. Maxwell Motor Co.,* 269 Fed. 292; *Wm. Filene's Sons Co. v. Weed,* 245 U. S. 497, 38 Sup. Ct. 211, 62 L. ed. 497.)

The uniform sales law applies only to sale of goods and documents of title to goods, such as bills of lading and warehouse receipts, etc., and does not apply to sales of promissory notes. (C. S., secs. 5673, 5784; *Smith v. Linglebach,* 177

Wis. 170, 187 N. W. 1007; *Millard v. Green,* 94 Conn. 597, 110 Atl. 177, 9 A. L. R. 1610, 1618.)

Where the specific identical properties sold are specified the title passes and if the price is named therefor it may be recovered. (*O. A. Olin Co. v. Lambach,* 35 Ida. 767, 209 Pac. 277; 3 Williston on Contracts, secs. 1365, 1369, 1376, 1377, 1472; 35 Cyc. 302, 325, 326, 706, 707.)

The court below erred in denying motion for inspection and examination. (*Federal etc. Co. v. Public Utilities Com.,* 26 Ida. 391, 143 Pac. 1173; *Merrill v. National Bank of Jacksonville,* 173 U. S. 131, 19 Sup. Ct. 360, 43 L. ed. 640; *Preston v. Equity Savings Bank,* 287 Fed. 1003.)

Where the right of inspection is founded upon contract it will be enforced even in cases where plaintiff has other means of information, to say nothing of a case such as this where the sole means of information is in defendant. (*Ballenberg v. Wahn,* 103 App. Div. 34, 92 N. Y. Supp. 830; 18 C. J. 13, sec. 118, p. 1121; *Amsinch v. North,* 62 How. Pr. 114–117; 18 C. J. 1117, sec. 112; 1118, sec. 117; 1121, sec. 118; 1125; *Bronson v. Kensey,* 3 McLean, 180, 4 Fed. Cas. 220; C. S., sec. 7193.)

The change in the attitude of the courts in investigating the books and accounts of such corporations is declared in *Wilson v. United States,* 220 U. S. 614, 31 Sup. Ct. 718, 55 L. ed. 610; followed in *Burnett v. State,* 8 Okl. Cr. 639, 129 Pac. 1110, 47 L. R. A., N. S., 1175, notes; *Hammond Packing Co. v. Arkansas,* 212 U. S. 322, 15 Ann. Cas. 645, 29 Sup. Ct. 370, 53 L. ed. 530.

J. W. Edgerton and Sullivan & Sullivan, for Respondents.

If a receiver refuses to adopt an executory contract of an insolvent, he is not liable therefor, and the assets in his hands cannot be subjected to a claim for damages. (*Scott v. Rainier P. & Ry. Co.,* 13 Wash. 108, 42 Pac. 531; *Wells v. Hartford Man. Co.,* 76 Conn. 27, 55 Atl. 599; *People v. Globe Mutual L. Ins. Co.,* 91 N. Y. 174; 34 Cyc. 265–267; *Fidelity Safe Deposit & Tr. Co. v. Armstrong,* 35 Fed. 567; *Casey v. N. P. Ry. Co.,* 15 Wash. 450, 48 Pac. 53; *Lenoir v.*

*Linville Imp. Co.,* 123 N. C. 922, 36 S. E. 185, 51 L. R. A. 146; *Tennis Bros. Co. v. Wetzel & T. Ry. Co.,* 140 Fed. 193; *Richmond & Danville R. Co. v. Scott,* 88 Va. 958, 14 S. E. 763, 16 L. R. A. 91; *Coy v. Title Guarantee & Trust Co.,* 198 Fed. 275; *Butterworth v. Degnon Con. Co.,* 214 Fed. 772, 131 C. C. A. 184; 8 Fletcher, Cyc.; Corp., sec. 5289; *Maxwell v. Mo. Valley Ice & C. S. Co.,* 181 Iowa, 108, 164 N. W. 329; *Sunflower Oil Co. v. Wilson,* 142 U. S. 313, 12 Sup. Ct. 235, 35 L. ed. 1025; *Brown v. Warner,* 78 Tex. 543, 22 Am. St. 67, 14 S. W. 1032, 11 L. R. A. 394.)

In such case the proper action, if any, is one for damages against the insolvent, and not an action for specific performance or for the agreed price. (High on Receivers, sec. 273D; 34 Cyc. 266, 267; 8 Fletcher, Cyc. Corp., sec. 5289; *Texas Co. v. International & G. N. Ry. Co.,* 250 Fed. 742; *Wolf v. National Bank of Illinois,* 178 Ill. 85, 52 N. E. 896; *Chemical Nat. Bank v. Hartford Deposit Co.,* 161 U. S. 1, 16 Sup. Ct. 439, 40 L. ed. 595; *S. E. Co. v. W. N. C. Ry. Co.,* 99 U. S. 191, 25 L. ed. 319; *Central Trust Co. v. East Tenn. L. Co.,* 79 Fed. 19; *Brown v. Warner,* 78 Tex. 543, 22 Am. St. 67, 14 S. W. 1032, 11 L. R. A. 394; *Maxwell v. Mo. Valley Ice & C. S. Co.,* 181 Iowa, 108, 164 N. W. 329; *Scott v. Rainier P. & R. Co.,* 13 Wash. 108, 42 Pac. 531.)

Where the insolvent is liable for damages in such a case, the judgment will be a general claim and entitled only to be paid *pro rata* out of the assets. (34 Cyc. 265; 20 Ency. Law, 375; *Spader v. Mural Decoration Mfg. Co.,* 47 N. J. Eq. 18, 20 Atl. 378; *Malcomson v. Wappoo Mills,* 88 Fed. 680; *Central Trust Co. v. East Tennessee L. Co.,* 79 Fed. 19.)

The motion for inspection of the bank records was too broad, sweeping and indefinite. (*State v. District Court,* 27 Mont. 441, 94 Am. St. 831, 71 Pac. 602; *Ketchum Coal Co. v. District Court,* 48 Utah, 342, 159 Pac. 737, 4 A. L. R. 619; 6 Ency. Pl. & Pr. 802, note, 809, note, 810, note; *Olney v. Hatliff,* 37 Hun (N. Y.), 286; *Morrison v. Sturges,* 26 How. Pr. 177; *Allen v. Allen,* 58 Hun. 604, 11 N. Y. Supp. 535.)

Cannot inspect to ascertain whether a party has a cause of action. (18 C. J. 1120; *Moore v. C. S. Co.,* 175 App. Div. 972, 161 N. Y. Supp. 984; *Walsh v. Press Co.,* 48 App. Div. 333, 62 N. Y. Supp. 833; *Goodyear India Rubber Mfg. Co. v. Gorham,* 31 N. Y. Supp. 965; *Nathan v. Whitehill,* 67 Hun, 398, 22 N. Y. Supp. 63; *Brownell v. National Bank,* 20 Hun (N. Y.), 517; *Hoyt v. Exchange Bank,* 8 N. Y. Supp. 652; *Frowein v. Lindheim,* 12 N. Y. Supp. 526; *Thompson v. E. R. Co.,* 9 Abb. Pr., N. S., 212; 14 Cyc. 371.

TAYLOR, J.—This action was brought by appellant, Wallace Bank & Trust Company, against the First National Bank of Fairfield and Rensselaer L. Curtis, receiver, to recover judgment in the sum of $23,846.43 upon nine written agreements involving nine notes with interest therein specified. On motion of the appellant in this court, C. C. Sill, as receiver of the First National Bank of Fairfield, was substituted as one of the respondents in place of, and as the successor of, Rensselaer L. Curtis, resigned and deceased. We will hereafter refer to the parties as the Wallace Bank and the Fairfield Bank.

The complaint pleads fully all the facts and agreements with relation to the transaction, setting out all the notes, agreements for their purchase by the respondent, with all the correspondence, notices and demands.

One of the notes in the sum of $2,000 with accrued interest had been paid to the Wallace Bank, but it alleges that in the collection of this note $46.43 expense was incurred in excess of the amount collected. The remaining $23,800 is the total of the eight notes named in the agreements and judgment is asked for this amount with interest.

The cause was submitted to the trial court upon the pleadings and a stipulation. The answer and stipulation admit all of the allegations of the complaint material for consideration, except as to the small item of $46.43, and a denial of anything due on the contracts.

Each agreement recited the purchase by appellant from and at the solicitation, request and recommendation of re-

spondent (Fairfield Bank) of a note made by a patron and client of respondent giving the name, date, amount and interest; that appellant was not acquainted with the maker, or conversant with his financial condition or the surety or collateral furnished; that respondent in consideration of the premises and the benefits accruing to it agreed to purchase this said note from appellant at the face value thereof plus accruing and unpaid interest, upon written demand in writing.

These dealings were had and agreements made from time to time from about the 17th of November, 1919, to the 12th of June, 1920. On the 19th of June, 1920, the Fairfield Bank was closed by its directors and placed in charge of a national bank examiner.

Upon July 13, 1920, the appellant made and served written demand upon the respondent bank that it immediately purchase the notes under the repurchase agreements. August 26, 1920, a receiver thereof was appointed by the Comptroller of the Currency of the United States. The respondent, Curtis, succeeded to that position. The Comptroller published written notices to all persons having claims against the defendant bank to present them to R. L. Curtis, receiver. The appellant duly complied with this order and served upon the receiver its demand for payment of the repurchase agreements and filed its claim.

The receiver thereafter disallowed the claim either as a preferred or a general claim, "unless and until it is established by a court of competent jurisdiction."

The court made findings of fact largely in accordance with the allegations of the complaint, but made conclusions of law as follows:

1. That the agreements were agreements to purchase said notes at the option of the plaintiff and were therefore option contracts.

2. That the agreements were executory contracts.

3. That the title to said nine notes at the time of the execution of said purchase agreements, or at any time there-

after, did not pass to the defendant bank or its receiver, but remained and still remains in the plaintiff.

4. That the receiver was not bound to perform the repurchase agreements, but had the right to elect whether he would, as such receiver, adopt or repudiate them.

5. That, there being no allegations or proof as to the. market value of the promissory notes at the time of the breach of said agreements, or that the same ''are not readily salable on the market or that the market price cannot be readily fixed,'' ''and the plaintiff, having failed to prove any actual or compensatory damage, is only entitled to recover nominal damages.''

6. That the plaintiff is entitled to judgment for nominal damages in the sum of one dollar.

Judgment was entered accordingly in favor of the plaintiff in the sum of one dollar. Plaintiff appeals from the judgment.

The appellant specifies as error: (1) Each of the foregoing six conclusions of law; (2) The entry of judgment for one dollar only instead of for the agreed repurchase price of each of the several notes with interest; (3) That the evidence was insufficient to sustain the findings of fact; (4) Awarding nominal damages of one dollar instead of one dollar for each of the contracts; (5) That the court did not find to be true each of the allegations of paragraphs one to eleven of the complaint; (6) Denial of appellant's motion for inspection and examination of accounts and documents.

We will treat first of the errors claimed as to the conclusions of law.

Counsel for respondents contend that this action is the same in principle as an action for damages for the failure to accept and receive ''goods'' on a sale, under the provisions of the uniform sales law, and especially C. S., secs. 5673, 5735 and 5748; that the measure of damages should be the difference between the market value of these notes and the contract price; that appellant not having pleaded or introduced evidence upon the market value of these notes or pleaded or proven that they could not have been readily

resold for a reasonable price, that the court could only allow appellant nominal damages, and cite *Olin v. Lambach,* 35 Ida. 767, 209 Pac. 277, in support of their contention. In that case this court considered the sale of mining stock as a sale of "goods."

C. S., sec. 5673, Uniform Sales Act, provides: "A contract to sell goods is a contract whereby the seller agrees to transfer the property in goods to the buyer for a consideration called the price."

C. S., sec. 5748, defines "goods" to "include all chattels personal other than things in action and money." The contracts for purchase involved herein were not contracts for the purchase of "goods." A thing in action is a right in one to have or recover money or property from another. These notes are not "goods" in contemplation of the uniform sales act. A note is not the debt but evidence of the debt. The debt is owed by one and the right or thing in action is the right to recover the debt. (*Meholin v. Carlson,* 17 Ida. 742, 134 Am. St. 286, 107 Pac. 755.)

"The primary test as to the character of a contract is the intention of the parties to be gathered from the whole scope and effect of the language used, and mere verbal formulas, if inconsistent with the real intention. are to be disregarded. It does not matter by what name the parties chose to designate it." (23 R. C. L. 1216.)

These agreements were not option contracts. In treating of similar repurchase contracts other courts have arrived at conclusions enforcing them for the full agreed purchase price upon different grounds. In *Wolf v. National Bank of Illinois,* 178 Ill. 85, 52 N. E. 896, the court construing a similar agreement of repurchase arrived at the conclusion that the contract should be regarded as a conditional sale with the right reserved by appellant to return the property (bonds).

In the language of the above-cited case "the transaction was one both reasonable and proper . . . . and was here no contract to have or give to himself or another the option to sell or buy at a future time . . . . but on the other hand the

appellant as a part of his contract under which the bonds were delivered to him reserved the right at and within a specified time to return the bonds and receive back the money he had paid and interest thereon.'' Other courts have arrived at the same conclusion by holding such an arrangement in reality to be only a loan to be recovered back on demand, or a sale with a stipulation for repurchase, or for rescission and repayment. (See, also, *Boynton v. Woodbury,* 101 Mass. 346; *Litchfield v. Irvin,* 51 N. Y. 51; *Vilsack v. Wilson,* 269 Pa. 77, 112 Atl. 17; *Browne v. St. Paul Plow Works,* 62 Minn. 90, 64 N. W. 66; *Ubben v. Binnian,* 182 Ill. 508, 55 N. E. 552; *Stewart v. Dodson,* 282 Ill. 192, 118 N. E. 405, 1 A. L. R. 1544.)

''Even if the property is not worth the amount of the purchase price, the clear import of defendants' agreement is that they undertook to save plaintiff entirely harmless from any loss. To that end they agreed to repurchase the 'property' they had sold him at the purchase price agreed, together with interest thereon in the event he did not care, for any reason, to retain its ownership, or should become dissatisfied with it. . . . . This is obviously the legal effect which the parties contemplated. Any other conclusion would manifestly work an injustice upon plaintiff and render the express terms of the contract nugatory.'' (*Parker v. Beach,* 176 Cal. 172, 167 Pac. 871.)

The market value of the notes, so far as being in contemplation of the parties as any measure of the consideration of the contract, is not mentioned. The appellant expressly relied upon the promise of respondent bank to pay the specified sum of money for specific notes, the very notes for which appellant had paid the full face value plus interest. Besides, the value of these notes to the appellant was the face value of the notes guaranteed by the specific agreement of the respondent that it would take them back and pay for them the full face value and accruing interest, and it was not for the respondents to say that they were not worth the face value and interest to the appellant, for it

was of the essence of the agreement that respondents should make them so. (*Shelton v. French,* 33 Conn. 489–496.)

Upon appellant's written demand that the respondent take a redelivery of the notes and pay for them respondent's liability became fixed, not to pay damages or market value, but agreed purchase price, and an action for the price was proper, and this the proper measure of recovery. The agreement of respondent amounted to its direct promise to pay upon demand the face value of these notes plus accruing and unpaid interest.

Respondents contend that this claim is not provable in bankruptcy. This agreement was made while the respondent bank was a going concern. Demand was made upon the respondent bank before receiver was yet appointed. The fact that the bank closed did not deprive appellant of its right to demand performance of its contract, and the money became due before a receiver was appointed and was a definite, fixed amount. The contract so far as appellant was concerned had been fully executed before and at the time that the receiver was appointed, and was a valid and subsisting contract with a fixed obligation which determined the right of the parties, and the receiver had no right or option to revoke or adopt the contract. This was a claim properly provable in the receivership. It existed at the time of the appointment of the receiver. (*Wolf v. National Bk. of Illinois,* 178 Ill. 85, 52 N. E. 896; *Central Trust Co. v. Chicago Auditorium Assn.,* 240 U. S. 581, 36 Sup. Ct. 412, 60 L. ed. 811, L. R. A. 1917B, 580; *Chemical Nat. Bank v. Hartford Deposit Co.,* 161 U. S. 1, 16 Sup. Ct. 439, 40 L. ed. 595; *Pennsylvania Steel Co. v. New York City Ry. Co.* 198 Fed. 721, 117 C. C. A. 503; *Wm. Filene's Sons Co. v. Weed,* 245 U. S. 497, 38 Sup. Ct. 211, 62 L. ed. 497.)

Another contention, first raised in respondent's brief, not pleaded below, is that some of these notes are shown by the record to be in sums in excess of amounts which the Fairfield Bank could legally loan to an individual under sec. 5200, U. S. Rev. Stats., that is, in excess of one-tenth part of its unimpaired capital stock and surplus. This defense

40 Idaho—46

is not available under the circumstances. This court has determined in *Meholin v. Carlson*, 17 Ida. 742, 134 Am. St. 286, 107 Pac. 755, that the defense of *ultra vires* should not as a general rule prevail when it will not advance justice, but only where an imperative rule of public policy requires it; that the defense of *ultra vires* is special must be specially pleaded and proven, and cannot be raised for the first time on appeal.

Appellant specifies as error the denial of its motion for inspection and examination of accounts and documents. This motion was accompanied by an affidavit and a "list of books, accounts, records, documents, files, correspondence and other written matter," covering about everything that could be records of a bank, including correspondence and "All other files, letters, papers, accounts, records, correspondence and written and documentary matters of said First National Bank and Receiver thereof, and agents, attorneys and other representatives thereof."

There is nothing stated upon information and belief, or otherwise, of any evidence which they allege to exist sufficient to justify the lower court in ordering an examination or inspection. Such showing must be made setting forth with at least some particularity the books and papers sought to be examined with some statement of what they are expected to contain; something to show the court the necessity of granting the inspection to avoid an injustice to the petitioner.

The motion asked for a general examination of many books and papers which could not be reasonably expected to have any bearing upon the action or contain evidence relating to the merits. Appellant had no right to a general examination of them to determine which, if any, might contain evidence. The motion is too sweeping and indefinite. It is not sufficient to state a mere legal conclusion that the books and papers contain evidence pertaining to the merits of the action. The court has a discretion to be exercised and did not abuse its discretion in denying the motion. (*Funkenstein v. Superior Court*, 23 Cal. App. 663, 139 Pac. 101;

*Jenkins v. Bennett*, 40 S. C. 393; 18 S. E. 929; *In re Romine*, 138 Fed. 837; *Ex parte Clark*, 126 Cal. 235, 77 Am. St. 176, 58 Pac. 546, 46 L. R. A. 835.)

Another error specified is the failure of the court to make findings of fact upon all material allegations of paragraphs one to eleven of the complaint.

The agreement as to the $2,000 note did not promise or contemplate payment of the $46.43 alleged as expense incurred in collecting the note. This item should, therefore, be eliminated.

The court made findings of fact upon most of the facts sufficient to support a judgment in favor of appellant, and the facts admitted will support such a judgment for the face value of the notes and interest. It is admitted that a written demand for payment was made upon the respondent bank and upon the receiver. The court should have made a finding of this. The denial in the answer that anything was due upon these contracts is a mere conclusion of law. Otherwise the findings are sufficient to support a judgment in favor of the appellant for the amount claimed.

It follows from what has been said that the court erred in the six conclusions of law hereinbefore recited, whether, as suggested, they be conclusions of law or findings of fact. The appellant has a lien upon the notes in question and the securities given as to each of said notes. The judgment should be reversed with instructions to the lower court to make findings of fact and conclusions of law in accordance herewith, and to enter judgment in favor of appellant for the face value of said notes with accrued interest to the date of the appointment of the receiver, the same to be certified to be paid in due course of administration, and that the receiver equalize the appellant with other creditors as to dividends already paid by paying it its ratable proportion of dividends before further payment to other creditors. It is so ordered. Costs to appellant.

William A. Lee, C. J., Wm. E. Lee, Budge and Givens, JJ., concur.

(May 28, 1925.)

ON APPELLANT'S SECOND PETITION FOR REHEARING.

TAYLOR, J.—The original opinion herein was prepared and filed on February 27, 1925. On March 16, 1925, appellant filed a petition for rehearing especially asking a modification in the form of the judgment which the lower court was directed to enter, and citing in support of its argument *Case v. Bank,* 100 U. S. 446, 25 L. ed. 695. This court, being of the opinion that the modification should be made in accordance with the petition, but to avoid the necessity of printing the original opinion as filed with a modification on petition for rehearing, adopted the practice of withdrawing the original opinion, making the modification, and filing it as modified, and on April 4, 1925, counsel upon both sides were notified in writing that " . . . . The original opinion has been refiled amended . . . . "

All of the members of the court immediately left to hold a term at Pocatello, and were absent until April 13, 1925. In the meantime, counsel for appellant, without making any petition for a rehearing, wired the clerk of this court his suggestions now contended for, for a further modification of the opinion, with the request that the clerk file his telegram and present it to the writer, and that if the *remittitur* had gone down, to "please have recalled at my expense." Appellant followed this by filing and serving extracts from the citations made in the telegram. In the meantime, the physical work of making the necessary copies of the amended opinion not having been completed, the clerk did not physically file that opinion, and advised counsel for appellant that the amended opinion was being held until the return of the court. The court, upon its return, after consideration of the showing made by appellant, considered that the practice of counsel for appellant was not in accord with orderly procedure, and that the communication from counsel could not and would not be considered as an application for rehearing. The foregoing amended opinion was, therefore, ordered filed

April 30, 1925, and counsel upon each side advised thereof.

Appellant has now filed a further petition for rehearing, asking, as formerly suggested, that the opinion be so modified that, in equalizing the appellant with other creditors as to dividends already paid, the receiver be required to pay appellant "interest thereon at six per cent from times of payments to other creditors till payment to appellant." In this petition for rehearing, counsel for appellant concedes that "The amendatory provision in the opinion of the court in this case should be sufficient since it directs payment in due course of administration," and then justifies his procedure with relation to the telegrams recited, and in filing this petition for rehearing, on the ground that the opposition has, at all stages, taken "very technical positions," and that he deemed it prudent to request the insertion of this provision as to interest in the amended opinion.

It seems to us that the amendatory provision in the amended opinion should be sufficient, and it no doubt would have been had counsel not raised the point by his telegram and citation of authorities, and this court thereafter refiled the opinion without such modification, thus, perhaps, appearing to negative the contention. The point contended for by appellant being proper, the receiver would, no doubt, in the absence of all this procedure, have acceded to the proposition. The point insisted upon was at no time presented to this court by appellant in its original brief, reply brief or first petition for rehearing, and the foregoing amended opinion is in almost the language of *Case v. Bank, supra,* cited by appellant in its former petition.

Quite at outs with the fears of appellant, respondents have asked the court to hasten this decision, and have waived appearance against the second petition for rehearing.

While, as a matter of strict legal right, failure of counsel sufficiently to present a cause for determination is no ground for a rehearing, and matters presented for the first time on application for rehearing need not necessarily be considered (4 C. J., p. 627, sec. 2488, p. 629, sec. 2494), it is more essential that justice be done than that exact or technical rules

of practice or procedure be followed. We conclude that, in accordance with the authorities cited by appellant (*Armstrong v. American Exchange Nat. Bank,* 133 U. S. 433, 10 Sup. Ct. 450, 33 L. ed. 747; *Malcomsom v. Wappoo Mills,* 99 Fed. 633; *Chemical Nat. Bank v. Armstrong,* 59 Fed. 372, 8 C. C. A. 155, 28 L. R. A. 231), interest should be allowed upon the deferred dividends. We feel, however, that other creditors should not be penalized by a delay of at least thirty days which might apparently have been avoided. It is, therefore, ordered that the original amended opinion herein be still further amended by inserting, in the direction to the lower court to enter judgment in favor of appellant, after the words "ratable proportion of dividends," appearing in the latter portion of the last paragraph thereof, and before the words "before further payment," the following: "with interest thereon at six per cent per annum from a time or times thirty days subsequent to the times of payment to other creditors until payment to appellant." It is so ordered. A rehearing is denied. No further costs allowed.

Budge and Givens, JJ., concur.