(No. 5594.   June 8, 1931.)

NATHAN HAYHURST, Appellant, v. T. O. BOYD et al., Respondents.

[300 Pac. 895.]

James R. Bothwell and W. Orr Chapman, for Appellant.

Homer C. Mills, Walters, Parry & Thoman and J. R. Keenan, for Respondents.

BUDGE, J.—In an action against the Boyd Hospital, a corporation, for damages on account of injuries alleged to have been sustained while a patient in the hospital, appellant recovered a money judgment December 22, 1922, which was by this court affirmed on appeal. (*Hayhurst v. Boyd Hospital,* 43 Ida. 661, 254 Pac. 528.) On the appeal from the judgment against it, the hospital corporation did not execute an undertaking in the way of a *supersedeas* to stay execution, and execution on the judgment was issued and levy made October 23, 1923, on certain personal property, consisting of equipment and furnishings of the hospital, and on certain real property. Thereupon a demand was made, supported by affidavit, for the release of the property levied upon, for the assigned reason that none of such property was owned by the judgment debtor, the Boyd Hospital. Nothing further was done in consequence of the levy. Shortly thereafter the instant action was commenced by appellant against T. O. Boyd and members of his family (individually and as trustees of the Boyd Hospital, a corporation), the Boyd Corporation and the Boyd Hospital, a corporation.

The allegations of the complaint as amended are directed mainly against T. O. Boyd personally and individually and assert in substance and effect that he was the chief actor in the incorporation of the Boyd Hospital (organized for the purpose of conducting a general hospital in the city of Twin Falls) and of the Boyd Corporation (to be used in name as a holding and disbursing company for the properties of ·T. O. Boyd and the Boyd Hospital), this being done in order to make it appear that said hospital was a sepa-

rate entity from T. O. Boyd, holding no property and not being financially responsible for any debts, obligations or damages which should be incurred in conducting the hospital business, and that, pursuant to such plan T. O. Boyd appropriated to his own use all of the assets of the Boyd Hospital so as to cheat and defraud creditors; that the said T. O. Boyd was and is the true and lawful owner of the property levied on under appellant's judgment and that such property was and now is subject to sale in satisfaction of said judgment and under the levy made thereon; that the claims of the other defendants, including members of the family of T. O. Boyd and the Boyd Corporation, to an interest in the property levied on, are fictitious and untrue and were made at the solicitation of T. O. Boyd in furtherance of his plan in conducting a general hospital business and for the purpose of cheating and defrauding appellant out of his judgment. The complaint prayed for an accounting of the assets of T. O. Boyd, the Boyd Corporation and the Boyd Hospital; that it be decreed that T. O. Boyd and the Boyd Hospital are one and the same entity and that the property levied on in execution of appellant's judgment be declared to be owned by T. O. Boyd as the Boyd Hospital and subject to the lien of appellant's judgment; that the defendants be restrained from disposing of such property without first applying the proceeds thereof to the payment of appellant's judgment; and for judgment against all of the individual defendants in the amount of appellant's judgment obtained against the Boyd Hospital, together with interest and costs.

The cause was tried to the court without a jury. The court found that T. O. Boyd had been a duly licensed physician engaged in the practice of his profession at Twin Falls and that other individual defendants were his wife and children; that, originally incorporated in 1914, under the laws of this state, as the Twin Falls Hospital, with a capital stock of 500 shares of the par value of $10 each, of which 36 shares were all that had been subscribed, the corporate name of the hospital was in 1917 changed to

Boyd Hospital, and that the charter of the Boyd Hospital and its right to do business as a corporation had been forfeited November 1, 1921; that the business of the hospital had been conducted as a corporation on property the record title to which had stood in the name of the Boyd Corporation for more than a year prior to the incorporation of the Twin Falls Hospital (1914); that T. O. Boyd was not the sole or only real or actual owner of the capital stock of the Boyd Hospital or of the Boyd Corporation, but that as president of the Boyd Hospital and with the consent of other stockholders he had controlled and managed its business and affairs; that the defense to the action brought by Hayhurst against the Boyd Hospital was conducted in the name of the Boyd Hospital, a corporation, but the expenses thereof were paid by T. O. Boyd personally; that said action was brought against the Boyd Hospital, a corporation, and against no other party, and throughout said action the Boyd Hospital was treated and considered by plaintiff as a corporation; that plaintiff did not enter the hospital in the faith induced by any act or word of any of its stockholders, directors or officers, or of any defendant, that it was the owner of any property or that T. O. Boyd was or would be personally responsible and liable for the debts or torts of the Boyd Hospital; that at no time while plaintiff was in such hospital was he under the personal or professional care or attention of defendant T. O. Boyd, and in entering the hospital he did not contract for such care and attention, and the judgment obtained by him against the hospital was not for damages for any personal act or negligence of defendant T. O. Boyd; that the Boyd Hospital at no time made any profits over and above its operating expenses and charges, and its capital was consumed in the payment of its debts, and that said hospital did not at any time own the property levied upon or any other property, real or personal; that such matters as above recited were not in fraud of any creditor of the Boyd Hospital, a corporation. This appeal is from the judgment entered January 17, 1930, in consonance with the findings.

The principal question here is whether there was sufficient evidence before the trial court to require a holding that the fiction of the corporate entity of the Boyd Hospital should be disregarded and its alleged *alter ego,* T. O. Boyd, held personally accountable for the satisfaction of appellant's judgment against the hospital.

The findings of the trial court as hereinabove set out are largely predicated upon the lack of sufficient competent evidence to the contrary of the facts therein stated. In contending that this was not the proper attitude in the light of what is disclosed by the record, appellant calls attention to some "peculiarities" brought to the surface in this proceeding, i. e., that the Boyd Hospital owned no property and made no profits and acquired nothing by its operations as a hospital; and that, on the other hand, the Boyd Corporation, made up of T. O. Boyd and members of his family, though not engaged in any actual business enterprise, owned considerable real and personal property. But, appellant says, it is not necessary to rely on such "peculiarities" to support findings in his favor, and as one phase of what he contends is actual, concrete and uncontroverted evidence to fully support findings and judgment in his favor he directs attention to the following:

Pending the trial of the instant action appellant filed a notice of motion and motion for order "for an inspection and permission to take copies of entries of account in books and of certain documents and papers in possession or under control of defendants," supported by an affidavit. The court made and entered an order directing respondents to allow appellant to make an inspection and copy of "entries of account in certain books and of certain documents or papers in their possession or under their control, covering a period of time from and including 1913 to the present date." This order was served upon the attorneys for respondents, and was not complied with. Under the provision of C. S., sec. 7193, to the effect that if compliance with such an order of the court be refused, the court may direct the jury to presume the documents or papers to

be such as alleged, appellant contends that it became the duty of the trial court to presume that the books, papers and documents called for by the order would have shown the facts set forth in the supporting affidavit for the order, viz.:

"That plaintiff is informed and believes and therefore alleges the fact to be that the entries, books, papers and documents demanded . . . . contain evidence that the defendant T. O. Boyd was, and is, the principal owner and dominant director of the defendant, the Boyd Corporation, a corporation; that the assets of said corporation were largely contributed by the defendant T. O. Boyd as a physician and surgeon, and as a hospital doing business under the guise of Boyd Hospital, a corporation; that the said corporation, the Boyd Corporation, was organized, operated and used by the defendant, T. O. Boyd, as a holding corporation to hold title to and possession of property and assets acquired by the said T. O. Boyd as aforesaid."

In aid of getting this matter before the trial court for consideration upon the trial, the motion and affidavit above referred to were offered in evidence, and respondents moved that they be stricken and that the court reserve its ruling on such motion until the final determination of the case, to which the court acceded. In reaching a decision in the case the court concluded that the affidavit in support of the motion for the order for inspection was insufficient in a number of particulars, in that it did not disclose with reasonable certainty the books, papers or documents which appellant desired to examine, nor the contents of such books and papers, nor their relevancy or materiality; the affidavit did not state facts but conclusions only, and disclosed on its face that the matters alleged were not within the personal knowledge of affiant, but were hearsay. The ultimate ruling of the trial court in rejecting this evidence was not improper. As said in *Wallace B. & T. Co. v. First Nat. Bank*, 40 Ida. 712, 722, 237 Pac. 284, 50 A. L. R. 316:

"The motion asked for a general examination of many books and papers which could not be reasonably expected to have any bearing upon the action or contain evidence relating to the merits. Appellant had no right to a general examination of them to determine which, if any, might contain evidence. The motion is too sweeping and indefinite. It is not sufficient to state a mere legal conclusion that the books and papers contain evidence pertaining to the merits of the action." (Citing cases.)

As a general rule, a corporation will be regarded as a legal entity, and the courts acting cautiously and only when the circumstances justify it, will ignore the fiction of corporate entity where it is used as a blind or instrumentality to defeat public convenience, justify wrong, or perpetrate a fraud, and will regard the corporation as an association of persons. (*Majestic Co. v. Orpheum Circuit*, 21 Fed. (2d) 720, 724, and authorities cited.)

The Constitution and statutes of this state (Const., art. 11, sec. 17; C. S., sec. 4728) expressly limit the individual or personal liability of a stockholder of a corporation for the debts of the corporation to the amount of the stock owned by him, not exceeding the balance unpaid upon his stock, in the absence of fraud, misrepresentation, concealment, or for neglect or misconduct as an officer, agent, stockholder or member of the corporation.

The basis of appellant's recovery in his action against the Boyd Hospital, a corporation, was the negligence of one of its servants, imputable to the corporation. The evidence fails to show that T. O. Boyd was in anywise personally connected with the incident upon which appellant relied for a recovery against the Boyd Hospital, and merely because he was a stockholder in such corporation is no reason for holding him personally liable for the acts of one of its servants, under the provisions of the Constitution or statute, above referred to. There is no allegation by appellant that any portion of the stock of the Boyd Hospital owned by any of the respondents has not been paid in, and there is no claim that the organization of the Boyd Hospital as a corporation was in any way defective,

or any evidence that during its existence it did not function as a corporation.

To warrant casting aside the legal fiction of distinct corporate existence it is not enough to say that T. O. Boyd may have been the holder of a majority of stock in the two corporations bearing his name and dominated and controlled the business and policies of the Boyd Hospital, but it must also be shown that there is such a unity of interest and ownership that the individuality of such corporation and such person has ceased; and it must further appear from the facts that the observance of the fiction of separate existence would, under the circumstances, sanction a fraud or promote injustice. (*Wood Estate v. Chanslor*, 209 Cal. 241, 286 Pac. 1001; *Majestic Co. v. Orpheum Circuit, supra; Elenkrieg v. Siebrecht*, 238 N. Y. 254, 144 N. E. 519.)

The only approach to fraud or injustice brought out by the evidence in this case is the fact that the Boyd Hospital was found not to be the owner of the property in and with which its business was conducted, and the Boyd Corporation was found to own considerable property. The law makes no such requirement with regard to the ownership of property by a corporation; and by the documentary evidence in the record it appears that most if not all of the real property shown to be owned by the Boyd Corporation was acquired by T. O. Boyd and conveyed to the corporation prior even to the organization of the Twin Falls Hospital, the predecessor of the Boyd Hospital.

We are unable to conclude that the evidence is of such cogency as to show fraud, misrepresentation, concealment, neglect or misconduct on the part of any individual herein sought to be charged with liability for the payment of appellant's judgment, and without which showing the law does not make them personally liable for the payment of the debts of the corporation.

The judgment is affirmed; costs to respondents.

Givens, Varian and McNaughton, JJ., concur.

Petition for rehearing denied.