(No. 6895. January 28, 1943.)

M. C. METZ, Appellant, v. L. W. HAWKINS, Sheriff of Twin Falls County, Idaho, and UNITED STATES FIDELITY AND GUARANTY COMPANY, a corporation, and THIESSEN LAND COMPANY, a corporation, Respondents.

[133 Pac. (2d) 721.]

Chapman & Chapman and James T. Murphy for appellant.

James R. Bothwell, Harry Povey and Cox, Ware & Stellmon for respondents.

GIVENS, J.—Respondent intervener, Thiessen Land Company, obtained a money judgment against the Metz Corporation, which upon appeal was affirmed. (*Thiessen Land Co. v. Metz Livestock Co.*, 61 Ida. 161, 99 Pac. (2d) 50.) To enforce payment of that judgment execution was thereafter levied. The present action was instituted by appellant to recover against the sheriff and his surety for the alleged wrongful levy under that execution upon personal property

which appellant insists belonged to him personally and not to the corporation, execution debtor. Respondent Thiessen Land Company intervened, setting up that title to the property was really in the corporation although to some extent standing in the name of appellant Metz and that the corporation was merely a subterfuge or cover for the personal activities of Metz, and his asserted ownership of the property was specious, which defense respondent sheriff and his surety adopted in their answer.

The sole issue is thus succinctly, though negatively, stated by appellant: "A corporate entity may be disregarded only where it is shown (1) that there is such a unity of interest and ownership that the individuality of the corporation and the stockholders, officers, or directors has ceased, and (2) that the observance of the fiction of separate existence would, under the circumstances, sanction a fraud or promote an injustice." *Hayhurst v. Boyd*, 50 Ida. 752, 300 Pac. 895, pronounced such to be the law. See also *Pierce v. National Bank of Commerce*, 13 Fed. (2d) 40, at 47; *Hamilton Ridge Lbr. Sales Corp. v. Wilson*, 25 Fed. (2d) 592; *Boatright v. Steinite Radio Corp.*, 46 Fed. (2d) 385, at 388; *Maloney Tank Mfg. Co. v. Mid-Continent Petroleum Corp.*, 49 Fed. (2d) 146, at 150; *Dunnett v. Arn*, 71 Fed. (2d) 912, at 918. Thus, the decisive issue of fact was whether or not the personal property levied on under execution really belonged to the corporation and was subject to the levy of the execution.

Appellant prayed for return of the property, or its value, and damages for its retention. Consequently, the action was in tort, properly triable before a jury. (*Carver v. Ketchum*, 53 Ida. 595, 26 Pac. (2d) 139.) Even if it had not been a proper case for a jury, as partially contended by appellant, there was no error for this reason: though appellant complains of numerous instructions given and the court's action in refusing to give requested instructions, all of the instructions given, read together, properly and adequately informed the jury as to the issues to be decided, namely, those reflected in the above statement by appellant. The jury found a general verdict in favor of the defendants and the intervener and against the plaintiff. Therefore, viewed as a tort, common law action, there being no errors of law in regard to the admission of the evidence or the instructions, the judgment based upon the verdict would be properly sustainable. The trial court adopted the verdict

and made complete, adequate, sufficient, and responsive findings of fact and conclusions of law. Viewed as an action solely in equity, the court had the right to call a jury in an advisory capacity. (*Sandstrom v. Smith,* 12 Ida. 446, 86 Pac. 416; *Tomita v. Johnson,* 49 Ida. 643, 290 Pac. 395.) The findings thus based upon the verdict, being supported by sufficient, though conflicting, evidence, sustain and justify the judgment.

Appellant claimed he was entitled to reimbursement for the amount of feed and the rental of the barns and feed lots used in connection with custody and care of the livestock between the date of the levy thereon, February 20, 1940, and the sale, March 6. The court granted reimbursement for the cost of the hay, etc., after the date of the sale, March 6, but denied the other. The result was proper because the expense of keeping the livestock between the date of the levy and the date of the sale would have been allowable as costs in connection with the levy of execution, and therefore the allowance and reassessment would have been an idle procedure, inasmuch as appellant as the alter ego of the corporation was eventually responsible for such expense, the levy being sustained. (30-2703, I. C. A.; *South Side Live Stock Loan Co. v. Iverson,* 45 Ida. 499, 263 Pac. 481.)

The judgment is therefore affirmed, and costs awarded to respondents.

Holden, C.J., Ailshie and Budge, JJ., and Buckner, D.J., concur.