(January 24, 1911.)

## THE DIAMOND BANK, Respondent, v. LU VAN METER, Appellant.

[113 Pac. 97.]

FOREIGN CORPORATIONS DOING BUSINESS IN THE STATE—SUFFICIENCY OF ALLEGATIONS.

(Syllabus by the court.)

1.   The prosecution of an action in this state for the foreclosure of a real estate mortgage, transferred and assigned to the plaintiff in another state before maturity, and for which plaintiff comes into the courts of the state for the sole and only purpose of maintaining said action, does not constitute doing business within this state within the meaning of the constitution, sec. 10, art. 11, and sec. 2792, Rev. Codes.

APPEAL from the District Court of the Fourth Judicial District of the State of Idaho, in and for Twin Falls County. Hon. Edward A. Walters, Judge.

An action to foreclose a real estate mortgage. Judgment for plaintiff. Defendant appeals. *Affirmed.*

M. J. Sweeley, for Appellant.

The granting of a loan by a foreign corporation, and the taking as security of a note and mortgage on property within

the state, is the doing of business, and comes within the spirit of the law. (*Chattanooga etc. Assn. v. Denson,* 189 U. S. 408, 23 Sup. Ct. 630, 47 L. ed. 870.)

In support of the general proposition that what the plaintiff did comes within the provisions of the constitution and statutes, appellants cite the cases of *Belle City Mfg. Co. v. Frizzell,* 11 Ida. 1, 81 Pac. 58; *Katz v. Herrick,* 12 Ida. 1, 86 Pac. 873.

W. A. Babcock and Stockslager & Bowen, for Respondent.

The recognition of a foreign corporation to the extent of allowing it to become a plaintiff in a suit is an exercise of comity that has been universal except when expressly prohibited by the statute. (*Cone Ex. & Com. Co. v. Poole,* 41 S. C. 70, 19 S. E. 203, 24 L. R. A. 289, and note; *Powder River Cattle Co. v. County,* 9 Mont. 145, 22 Pac. 383; *Amer. De Forest Wireless Tel. Co. v. Superior Court,* 153 Cal. 533, 126 Am. St. 125, 96 Pac. 15, 17 L. R. A., N. S., 1117.)

There is some variance in the authorities, due largely to difference in the wording of the constitutional or statutory provisions of the respective states, but we have been unable to find any authority for the contention that a single assignment of a note by the payee outside of the state to a foreign corporation, the note being secured by a real estate mortgage within the state, constitutes "doing business."

Many cases hold that a statute using the words "doing business" mean at least more than one transaction within the state, and that one isolated contract made within the state is not "doing business." In other words, if the plaintiff in this case had taken the note and mortgage to itself as payee, it being a single transaction, such terms would not be considered "doing business" within this state. (*Colo. Iron Works v. Mining Co.,* 15 Colo. 499, 22 Am. St. 433, 25 Pac. 325; *Gates Iron Works v. Cohen,* 7 Colo. App. 341, 43 Pac. 667; *Cooper Mfg. Co. v. Ferguson,* 113 U. S. 727, 5 Sup. Ct. 739, 28 L. ed. 1137; *Delaware etc. Canal Co. v. Mahlenbrock,* 63 N. J. L. 281, 43 Atl. 978, 45 L. R. A. 538; *Sigel*

*etc. Livestock Co; v. Haston,* 68 Kan. 749, 75 Pac. 1028; *Commercial Bank v. Sherman,* 28 Or. 573, 52 Am. St. 811, 43 Pac. 658; *Penn Collieries Co. v. McKeever,* 183 N. Y. 98, 75 N. E. 935, 2 L. R. A., N. S., 127; *Florsheim Bros. v. Lester,* 60 Ark. 120, 46 Am. St. 162, 29 S. W. 34, 27 L. R. A. 505; note, 10 L. R. A., N. S., 693; *Jameson v. Simonds Saw Co.,* 2 Cal. App. 582, 84 Pac. 289; *Babbitt v. Field,* 6 Ariz. 6, 52 Pac. 775; *Belle City Mfg. Co. v. Frizzell,* 11 Ida. 1, 81 Pac. 51.)

The courts have uniformly held that where a foreign corporation purchases outside the state a note and mortgage made and executed within the state, that such transaction does not constitute "doing business" within the state. (*Keene G. Savings Bank v. Lawrence,* 32 Wash. 572, 73 Pac. 680; *Miller v. Williams,* 27 Colo. 34, 59 Pac. 740; *Gilchrist v. Helena R. Co.,* 47 Fed. 593.)

The prosecuting or defending of suits in the courts of the state is not "doing business" within constitutional and statutory provisions requiring foreign corporations to comply with prescribed conditions, before doing any business within the state. (*Am. Loan & Trust Co. v. East & West R. Co.,* 37 Fed. 242; *Livestock Co. v. Range Valley Cattle Co.,* 16 Utah, 59, 50 Pac. 630; *Buffalo etc. Co. v. Crump,* 70 Ark. 525, 91 Am. St. 87, 69 S. W. 572; *Gates Iron Works v. Cohen,* 7 Colo. App. 341, 43 Pac. 667; *Kephart v. People,* 28 Colo. 73, 62 Pac. 946.)

STEWART, C. J.—This is an action to foreclose a mortgage upon certain real estate located in Twin Falls county, this state.

The case was tried to the court, and judgment rendered in favor of the plaintiff, foreclosing said mortgage. This appeal is from the judgment.

The only question presented on this appeal is the demurrer to the complaint. The complaint contains the following allegations: "The Diamond Bank is, and was at all times herein mentioned, a corporation organized and existing under and by virtue of the laws of the state of Missouri and engaged

in a general banking business in said state of Missouri and not elsewhere, with its principal place of business at the town of Diamond in said state; that all the transaction and business hereinafter set forth were had and done in said place of business, to wit, at the town of Diamond in the state of Missouri; that the said plaintiff is not now, nor has it heretofore been, nor has it any purpose or intention of engaging in or doing its corporate business in the state of Idaho, but is in said state for the sole and only purpose of bringing and maintaining this action.''

To this complaint the appellant demurs upon the ground. first, that the plaintiff has no legal capacity to sue or to bring or maintain an action, for the reason that it appears from said complaint that the plaintiff is a foreign corporation, and it does not appear that it has complied with the laws of the state of Idaho relating to foreign corporations entitling it to do business in the state of Idaho or to bring or defend actions.

In support of the demurrer it is the contention of the appellant that the allegations of the complaint show that the respondent, a foreign corporation, has failed to comply with the provisions of sec. 10, art. 11 of the constitution of this state, and sec. 2792 of the Rev. Codes. It is alleged in the complaint that the plaintiff is a foreign corporation organized and existing under and by virtue of the laws of the state of Missouri, and engaged in the banking business in said state and not elsewhere; that its principal place of business is at the town of Diamond in said state, and that all the transactions and business alleged in the complaint, to wit, the purchasing and assignment of the note and mortgage sought to be foreclosed, were transacted at the town of Diamond in the state of Missouri; that the plaintiff has not been engaged in any business in the state of Idaho, and has no intention of so engaging or doing business, but comes into the state for the sole and only purpose of maintaining this action.

These allegations of the complaint clearly do not bring the plaintiff within the provisions of either sec. 10, art. 11 of the constitution, or sec. 2792 of the Rev. Codes. A foreign

corporation bringing a suit upon a debt acquired by such corporation in a foreign state, and which has been and is in no way engaged in any business in the state, and which seeks only to enforce the right of action acquired by it in a foreign state, is not doing business within the meaning of either the constitution or the statute. (*Foore v. Simon Piano Co.,* 18 Ida. 167, 108 Pac. 1038; *Bonham Nat. Bank v. Grimes Pass Placer Mining Co.,* 18 Ida. 629, 111 Pac. 1078.)

Judgment is *affirmed.* Costs awarded to the respondent.

Ailshie and Sullivan, JJ., concur.