BURLINGTON SAVINGS BANK, Respondent, v. CARL M. GRAYSON and EMILY GRAYSON, Husband and Wife, CHARLES W. WILSON, BLAINE COUNTY NATIONAL BANK, THOS. D. PERRY, WOOD RIVER LAND COMPANY, R. B. MERRILL, Defendants, and NEIL CAMPBELL, Appellant; RENASSELAER L. CURTIS, Substituted for JOHN B. CUNNINGHAM, Deceased, Receiver, OVERLAND NATIONAL BANK, Intervenor.

[254 Pac. 215.]

GRANTING OF CONTINUANCE PROPER—ADMISSION OF INCOMPETENT EVIDENCE NOT PREJUDICIAL—FOREIGN CORPORATION HELD NOT "DOING BUSINESS" IN STATE.

1. Granting of continuance to enable party to take depositions is in discretion of trial court, and will not be disturbed in absence of showing of abuse thereof, no prejudice being shown to have been caused thereby.

2. Admission in a case tried by the court without a jury of incompetent evidence was not prejudicial, there having been sufficient competent evidence to sustain the findings, and it being presumed that the court did not consider the incompetent evidence in making up its findings, the contrary not appearing.

3. Foreign corporation by buying at its home place mortgage on land in Idaho or at such home place making loan direct on mortgage of Idaho land is not doing business in Idaho, requiring its compliance with laws of Idaho as to foreign corporations, though before making the purchases or loans it had agents examine the lands.

Publisher's Note.

3. What constitutes doing business in state by foreign corporation, see notes in 2 Ann. Cas. 307; 6 Ann. Cas. 744; 8 Ann. Cas. 942; 11 Ann. Cas. 320; Ann. Cas. 1912A, 553; Ann. Cas. 1913E, 1154; Ann. Cas. 1916A, 515; Ann. Cas. 1918C, 539; Ann. Cas. 1918E, 1248. See, also, 12 R. C. L. 72, 73.

See Appeal and Error, 4 C. J., sec. 2726, p. 776, n. 56, 57; sec. 2780, p. 809, n. 32; sec. 2955, p. 975, n. 88.
Continuances, 13 C. J., sec. 4, p. 123, n. 14.
Corporations, 14a C. J., sec. 3991, p. 1283, n. 94, 96.

APPEAL from the District Court of the Fourth Judicial District, for Blaine County. Hon. H. F. Ensign, Judge.

Action to foreclose mortgage. Judgment for plaintiff. *Affirmed.*

J. J. McFadden, Proctor K. Perkins and Sullivan, Sullivan & Van Winkle, for Appellant.

Continuance can only be obtained by proper showing. (C. S., sec. 6840; *Kerney v. Hatfield,* 30 Ida. 90, 162 Pac. 1077.)

The respondent cannot enforce its mortgage. (Const., art. 11, sec. 10; C. S., secs. 4772, 4773 and 4775; *Katz v. Herrick,* 12 Ida. 1, 86 Pac. 873; *Bonham Nat. Bank v. Grimes Pass Placer Min. Co.,* 18 Ida. 629, 111 Pac. 1078; *War Eagle Con. Min. Co. v. Dickie,* 14 Ida. 534, 90 Pac. 1034; *John Deere Plow Co. v. Wyland,* 69 Kan. 255, 2 Ann. Cas. 304, 76 Pac. 863; *Farrior v. New England M. S. Co.,* 88 Ala. 275, 7 So. 200; *Chattanooga National Bldg. Assn. v. Denson,* 189 U. S. 408, 23 Sup. Ct. 630, 47 L. ed. 870; *Dundee M. T. & I. Co. v. Nixon,* 95 Ala. 318, 10 So. 311; *Christian v. American Freehold L. & M. Co.,* 89 Ala. 198, 7 So. 427; *State v. Bristol Sav. Bank,* 108 Ala. 3, 54 Am. St. 141, 18 So. 533; *Sullivan v. Sullivan Timber Co.,* 103 Ala. 371, 15 So. 941, 25 L. R. A. 543; *Florsheim Bros. Co. v. Lester,* 60 Ark. 120, 46 Am. St. 162, 29 S. W. 34, 27 L. R. A. 505; *People v. Horn Silver Min. Co.,* 105 N. Y. 76, 11 N. E. 155; *Tarr v. Western Loan & S. Co.,* 15 Ida. 741, 99 Pac. 1049, 21 L. R. A., N. S., 707; *Hoffstater v. Jewell,* 33 Ida. 439, 196 Pac. 194.)

J. G. Hedrick and Oppenheim & Lampert, for Respondent.

The continuance of the case by the lower court for the taking of additional evidence by deposition was within the discretion of the court. (*Curtis v. Underwood,* 101 Cal. 661, 36 Pac. 110; 5 Cal. Jur. 968–970.)

Where a note and mortgage securing the same on real estate in Idaho are executed by an Idaho maker to an Idaho payee and by the latter sold in Vermont to a banking corporation of that state, the sale is an interstate transaction and the law of this state governing foreign corporations does apply. (*Bonham Nat. Bank v. Grimes Placer Co.*, 18 Ida. 629, 111 Pac. 1078; *Diamond Bank v. Van Meter*, 19 Ida. 225, 113 Pac. 97; *Largilliere Co. v. McConkie*, 36 Ida. 229, 210 Pac. 207.)

When a contract or agreement sued upon by a foreign corporation is an interstate transaction, the question as to whether it was doing other business within the state is not material. (*Bettilyon Home Builders Co. v. Philbrick*, 31 Ida. 724, 175 Pac. 958.)

GIVENS, J.—The respondent is a corporation organized under the laws of Vermont for the purpose of loaning money on real estate mortgages and had not at the time the loan in question was made and assigned complied with the laws of Idaho governing foreign corporations doing business in the state.

September 1, 1919, the Graysons gave their note and mortgage covering land in Idaho payable to Charles W. Wilson at Bellevue, Idaho, which mortgage was later assigned to the respondent. October 3, 1919, Graysons executed their two notes and mortgages covering the same land to Neil Campbell. The present action was for the foreclosure of the first mortgage assigned to respondent.

Neil Campbell is the only appellant and evidently the only party adverse to respondent remaining in the case whose interests need be considered. The lower court foreclosed the mortgage in favor of respondent on the theory that respondent had not been doing business in this state. Appellant urges that the lower court erred in this respect and also in ruling on the admission of evidence and because the case was continued to permit respondent to take the depositions of certain officers of respondent bank.

[1] No prejudice was shown to have been caused by the continuance and the action of the trial court in that respect being discretionary will not be disturbed in the absence of a showing of abuse thereof. (*Berlin Machine Works v. Dehlbom Lum. Co.*, 32 Ida. 566, 186 Pac. 513; *De Puy v. Peebles*, 24 Ida. 550, 135 Pac. 264; *Storer v. Hertfeld*, 17 Ida. 113. 105 Pac. 55.)

[2] No prejudicial error was committed in admitting the testimony of C. P. Smith and F. W. Perry, to which objection was made, because where an action is tried by the court without the intervention of a jury and incompetent evidence is conditionally received (which was the case herein), this court will presume that the trial court did not consider such evidence in making up its findings unless the contrary is made to appear (*Brinton v. Johnson*, 41 Ida. 583, 240 Pac. 859), and there was sufficient evidence aside from the testimony to which objection was made to sustain the findings in connection therewith. (*Bales v. Weaver*, 36 Ida. 704, at 709, 213 Pac. 342.)

[3] Appellant urges that there were a number of other transactions of a similar nature wherein loans were made by the Blaine County National Bank or its officers in Idaho and the notes subsequently sold to respondent; also that because certain officers of respondent examined the land covered by the mortgages in question and stated in Idaho that they approved the security and said they would recommend the loan, the respondent was doing business within the state. Our latest expression upon this subject is *Portland Cattle Loan Co. v. Hansen Livestock & F. Co.*, ante, p. 343, 251 Pac. 1051, wherein it was held that soliciting loans and taking applications for loans by agents of a foreign corporation and forwarding the same to the home office of such corporation, there to be approved or disapproved by the home office, did not constitute doing business within the state, and concluding that at most there was a conflict in the evidence as to whether the particular transaction therein involved was consummated in Utah or

43 Idaho—42

Oregon, Oregon being the home state of the foreign corporation.

In the case at bar the only evidence with regard to where the loan in question was purchased by respondent was to the effect that it was in Vermont. The note, mortgage, application and abstract were sent by the Blaine County National Bank to respondent in Vermont; the loan was approved and accepted there and the money was sent from Vermont through regular banking channels and eventually passed to the credit of the Blaine County National Bank at one of its correspondent banks. There was no testimony that the parties who made this loan or any of the loans which the respondent purchased were acting as agents for respondent. In all instances, save two or three, the other loans referred to were first made by the bank in Idaho and subsequently sold to respondent. In one or two instances, at the most three, loans were made direct between respondent in Vermont and residents of the state of Idaho, but even those transactions depended for their approval upon action in Vermont. Respondent had no money in Idaho, it had no place of business in Idaho and it had no agent in Idaho who had authority to bind respondent or to accept a loan on its behalf.

"It is true that it was a part of the business of the plaintiff corporation to discount notes of this character, and that it did discount notes purchased from about 40 dealers in motor vehicles in the state of Arkansas. The plaintiff was organized under the laws of the state of New York, and had a branch office at Dallas, Tex., where it transacted its business with residents of the state of Arkansas. It furnished dealers of motor vehicles in Arkansas with whom it contemplated doing business with blank forms of contracts to be used by such dealers in selling their motor vehicles. There was a place on such form for the purchaser of the motor vehicle to make a statement of his financial condition. The dealer was required to send to the plaintiff at Dallas, Tex., a statement of his financial

condition, and an investigation of his financial condition was also made through reports by commercial agencies and otherwise. Then the plaintiff would agree to extend a general line of credit to such dealer. The dealer in making a sale would take the note of the purchaser on one of the blank forms furnished by the plaintiff. This was all done, however, to better enable the plaintiff to pass upon the securities offered it for discount. The plaintiff had no interest whatever in the business of the dealers from whom it bought such commercial paper. It had no established agency in this state. In each instance the paper was sent to its office in Dallas, Tex., and accepted there. The money was paid there, or through a bank in Chicago upon orders of the home office in New York. Thus it will be seen that the contract was made and the money paid in each instance outside of the state. The applications for sale of commercial paper were received by the plaintiff at its office outside of this state. They were passed upon there and accepted or rejected there. The plaintiff had no agency in this state, and the mere fact that it acted upon applications coming through residents in this state would not constitute doing business in this state within the meaning of the statute." (*Davis & Worrell v. Gen. Motors' Acc. Corp.,* 153 Ark. 626, 241 S. W. 44, at 46.)

Even though there was a steady course of dealing between the respondent and the bank or its officers in Hailey whereby respondent purchased from time to time the securities offerred, the same would not constitute doing business on the part of respondent. (*Gen. Motors Acc. Corp. v. Shadyside Coal Co.* (W. Va.), 135 S. E. 272; *Monaghan & Murphy Bank v. Davis,* 27 Ariz. 532, 234 Pac. 818.) The authorities seem to be quite uniform to the effect that: where money is loaned without the state by a corporation unlicensed to do business within the state the mere giving of a note and mortgage on property within the state as incident to such transaction does not constitute on the part of the foreign corporation, doing business within the state.

(*Monaghan & Murphy Bank v. Davis, supra; Gen. Motors v. Shadyside Coal Co., supra; McKee v. Steward Land & Live Stock Co.,* 28 Ariz. 511, 238 Pac. 326; *Davis & Worrell v. Gen. Motors Acc. Corp., supra; Jones v. General Motors Acc. Corp.,* 205 Ky. 227, 265 S. W. 620; *Lloyd Thomas Co. v. Grosvenor,* 124 Tenn. 347, 233 S. W. 669; *Cancelmo v. Seaboard Air Line Ry.,* 12 Fed. (2d) 166; *Finance & Guaranty Co. v. West Auburn Creamery Co.,* 69 Pa. Sup. Ct. 261.) Nor is the foreign corporation doing business within the meaning of such statute by purchasing in another state negotiable securities executed within the state. (14a C. J. 1283.)

Our own court has recognized the above principle and the additional proposition that the foreclosure of such a note and mortgage is not doing business within the state. (*Bonham Nat. Bank v. Grimes Pass P. M. Co.,* 18 Ida. 629, 111 Pac. 1078; *Diamond Bank v. Van Meter,* 19 Ida. 225, 113 Pac. 97; *Largilliere Co. v. McConckie,* 36 Ida. 229, 210 Pac. 207.)

Appellant urges that no money was in fact advanced the borrower on these loans by the Hailey Bank until funds had been received from respondent. If such was the situation it was not shown that the respondent had any knowledge thereof at the time it purchased the loan in question or any of the other loans which it is claimed were purchased by it.

In the case at bar agents of respondent looked at the land covered by the mortgage and stated that they would approve the security. In *Portland Cattle Loan Co. v. Hansen Livestock & F. Co., supra,* the company had a man in Utah all the time looking after its securities and the president of the Portland Cattle Loan Company was present in Utah to arrange the loan in question and communicate with the corporation in Portland where the loan was made and accepted, and there would appear to be no difference either as to the ultimate facts or in principle between the situation here and there.

The judgment is therefore ordered affirmed and costs are awarded to respondent.

Budge, Taylor and T. Bailey Lee, JJ., concur.