(No. 5992. October 26, 1933.)

CONTINENTAL ASSURANCE COMPANY, a Corporation, Respondent, v. E. D. IHLER and MATHILDA IHLER, His Wife, Appellants.

[26 Pac. (2d) 792.]

O. C. Hall, for Appellants.

Frank L. Stephan and J. H. Blandford, for Respondent.

MORGAN, J.—This is a suit to foreclose a mortgage given to secure the payment of a promissory note, executed by W. T. Conant and Sarah M. Conant, his wife, payable to Harry S. Cowling, of Twin Falls, on land in Twin Falls county, owned, at the time, by the Conants. They thereafter sold it to appellant, E. D. Ihler, who, as a part of the consideration for the conveyance of the land to him, assumed and agreed to pay the indebtedness. The trial resulted in a decree of foreclosure, from which this appeal has been prosecuted by Ihler and his wife.

The issue presented to the district court, and here, for decision is as to whether respondent, a foreign corporation, to which Cowling assigned the note and mortgage and which has not conformed to the laws of Idaho governing such corporations engaged in business here, is barred from maintaining the suit.

I. C. A., sec. 29–501, requires every foreign corporation, before doing business in this state, to file in the office of the Secretary of State a certified copy of its articles of incorporation, and a copy thereof, certified by the Secretary of State, in the office of the county recorder of the county in which is designated its principal place of business in Idaho. Section 29–502 requires such corporation to appoint an agent, in the county in which its principal business is to be transacted, upon whom process against it may be served, and to file notice of such appointment in the office of the Secretary of State and of the county recorder of such county. Section 29–504 is as follows:

"No contract or agreement made in the name of, or for the use or benefit of, such corporation prior to the making of such filings as provided in sections 29–501 and 29–502 can be sued upon or enforced in any court of this state by such corporation."

■ ■ The evidence shows Cowling was, at the time the mortgage here sought to be foreclosed was executed, and

for a long time prior thereto had been, engaged in loaning money in Twin Falls county and in taking mortgages to secure the payment thereof; that he retained ownership of some of these loans, but in most cases the notes, and the mortgages given to secure their payment, were sold to others. A large number of these loans were purchased by respondent from Cowling, from time to time, including that involved in this foreclosure. It was Cowling's practice to collect the interest on loans sold by him, as it became due, and to remit it to the purchaser, and this practice was followed in his dealings with respondent.

Appellants insist respondent was engaged in loaning money in Idaho. This contention appears to be based on the number of notes acquired by it and mortgages on Idaho property given to secure their payment, and the amount of money involved in, and the circumstances surrounding, the transaction of the business. There is no testimony to the effect that the money loaned was the property of respondent, and Cowling testified he loaned his own money and sold the notes and mortgages given him by the borrowers to respondent and his other customers, and that the sales to respondent, including that of the note and mortgage involved herein, were made in Chicago, Illinois. The trial court found his testimony to be true.

The testimony of Cowling, if uncontradicted, would be sufficient to sustain the finding, and the rule, well established in this state, is that the finding of a trial judge, who has opportunity to hear the testimony of the witnesses and to observe their demeanor while testifying is, like the verdict of a jury, binding on this court, where the evidence tending to support the finding, or verdict, if uncontradicted, is sufficient to sustain it. (*Patrick v. Bisbee*, 52 Ida. 369, 15 Pac. (2d) 730; *Boise Payette Lbr. Co. v. Bales*, 52 Ida. 762, 20 Pac. (2d) 214; *Independent School Dist. No. 2 v. Butler, ante*, p. 187, 22 Pac. (2d) 685; *Intermountain Assn. of C. Men v. N. H. Hallstrom C. Co., ante*, p. 151, 22 Pac. (2d) 686; *Stephens v. Stephens, ante*, p. 427, 24 Pac. (2d) 52.) Therefore, we will proceed upon the theory that

this loan and the other loans shown to have been made by Cowling were of his own money, and that respondent was not engaged in loaning money in Idaho.

The remaining question is: Did the collection of interest on the loans purchased by respondent from Cowling constitute doing business in Idaho within the meaning of the statutes of this state which require a foreign corporation, before doing business here, to file certified copies of its articles of incorporation and designate a principal place of business within this state and to appoint an agent on whom process against it may be served?

In Fletcher's Cyclopedia of Law of Corporations, vol. 17, p. 542, sec. 8492, it is said:

"The decisions make it clear that the mere securing of its debts by note or otherwise is not doing business in the state by a foreign corporation. It is equally well established that the mere adjustment or collection of its debts or claims by a foreign corporation is not the doing of business within the state. And the rule is likewise applicable to the doing of things incidental to such adjustment or collection."

See, also, 14A C. J., p. 1278, sec. 3984; *Diamond Bank v. Van Meter*, 19 Ida. 225, 113 Pac. 97; *Portland C. L. Co. v. Hansen L. & F. Co.*, 43 Ida. 343, 251 Pac. 1051; *Burlington Sav. Bank v. Grayson*, 43 Ida. 654, 254 Pac. 215.

The purchase, beyond the borders of Idaho, by a foreign corporation, of promissory notes, the payment of which is secured by mortgages on lands in this state, the collection of interest accruing on indebtedness evidenced and secured thereby and the commencement and maintenance of suits to collect said indebtedness, is not doing business in Idaho within the meaning of the statutes above referred to.

The decree appealed from is affirmed. Costs are awarded to respondent.

Budge, C. J., and Givens, Holden and Wernette, JJ., concur.