258 P.2d 976

## LAND DEVELOPMENT CORP. v. CANNADAY et al.

No. 7991.

Supreme Court of Idaho.

July 14, 1953.

J. H. Felton and Wm. Jones, Lewiston,
McNaughton & Sanderson, Coeur d'Alene,
for respondent.

Whitla & Knudson and Hawkins & Mil-
ler, Coeur d'Alene, for appellant.

236

On Petition for Rehearing.

THOMAS, Justice.

Appellant, hereinafter designated as the plaintiff, The Land Development Corporation, a corporation of the State of Washington, instituted an action for the foreclosure of a real estate and a chattel mortgage on real property and chattels in Idaho.

The complaint alleged that plaintiff is a Washington corporation, duly organized, formed and existing under the laws of the State of Washington, and alleged the execution and delivery of a note and mortgages, in the State of Washington, by defendant, Dowd Roy Cannaday, to plaintiff; it also alleged demand for, and the refusal of, payment. The note was pleaded in haec verba and discloses on its face that it was made and payable in Tekoa, Whitman County, Washington; a copy of each mortgage was attached to the complaint and by reference made a part thereof and likewise show on their face that they were executed in Whitman County, Washington.

Respondent, Dowd Roy Cannaday, filed an answer denying each and every allegation of the complaint and set forth affirmatively that plaintiff was a Washington corporation and was not authorized to do business in Idaho, and that it was engaged in doing business in the State of Idaho and that the note and mortgages were void under Sec. 30-505, I.C.

The respondents, W. R. More and Betty G. More, his wife, filed an answer and cross-complaint alleging a prior mortgage upon the property and sought judgment foreclosing their mortgage.

Plaintiff introduced evidence in support of its complaint showing that it was a corporation duly organized and existing under and by virtue of the laws of the State of Washington, which respondent admitted in his answer to be true. Plaintiff further adduced evidence which disclosed that on December 3, 1948, in Tekoa, Whitman County, Washington, in the law office of John Denoo, the then president of said corporation, Dowd Roy Cannaday, the respondent, borrowed from the corporation the sum of $15,500 and at that time and place executed and delivered to the corporation his promissory note in such sum, payable one year from date at Tekoa, Washington; plaintiff also introduced testimony that at that time and place Dowd Roy Cannaday made, executed and delivered a real estate mortgage covering certain real property situated in the State of Idaho, together with a chattel mortgage covering certain personal

property, likewise situated in Idaho, to secure the payment of said note, and that the entire transaction was initiated, conducted and concluded in the office of said John Denoo, in Tekoa, Washington, and that demand for payment had been made and payment refused.

Immediately following, by agreement of counsel and before any cross-examination, respondent More introduced evidence in support of his cross-complaint and rested.

Following the cross-examination of plaintiff's witnesses plaintiff rested, whereupon respondent Cannaday moved the court to enter a judgment of nonsuit on the grounds that the plaintiff had not proved that it is an Idaho corporation or that it had the right to do business in Idaho on December 3, 1948, and that it had also failed to prove it was not doing business in Idaho on that date. The court denied the motion at that time.

Respondent Cannaday then called the witness Denoo for cross-examination under the statute and after a few preliminary questions were asked the examination was concluded; the court then granted Cannaday's motion for nonsuit on the ground that the evidence disclosed the plaintiff corporation was doing business in the State of Idaho but failed to show said plaintiff was qualified to do business in this state.

A judgment of nonsuit was entered decreeing that the complaint of plaintiff be dismissed and that the note and mortgages executed by Dowd Roy Cannaday were void and of no force and effect, and that no action upon such instruments could be maintained in the State of Idaho. The court also entered judgment for W. R. More and Betty G. More, foreclosing their mortgage as a first and prior lien upon the real property, and further decreed that the title of Cannaday in and to the lands and premises was quieted against all claims and demands as to any of the parties to the action excepting More and his wife, forever barring and enjoining the plaintiff or any other parties except More and his wife from claiming any interest, right, title or estate in and to the lands and premises or any part thereof adverse to the title quieted.

From both the judgment of nonsuit and the judgment of foreclosure in favor of More and his wife, this appeal was taken.

Respondent moved this court to dismiss the appeal on the ground no undertaking on appeal was filed in accordance with Sec. 13–203, I.C., providing that appellant will pay all costs and damages which may be awarded against it on the appeal or on a dismissal thereof.

The bond, in pertinent part, provides as follows:

"Whereas, * * *. plaintiff * * * has commenced or is about to appeal * * * from * *. *. those judgments and orders * * *. now; therefore, in accordance with the provisions of 13–203, Idaho Code, the Gen-

eral Casualty Company of America do undertake in the sum of Three Hundred ($300.00) Dollars to pay all costs which may be awarded against the plaintiff * * * on an appeal, said amount, however, not to exceed the sum of Three Hundred ($300.00) Dollars."

It will be noted that the undertaking provides for costs but does not expressly also include damages as provided in Sec. 13-203, I.C.

Sec. 12-613, I.C., dealing with the general form of an undertaking, provides as follows:

"Whenever a party to an action or proceeding desires to give an undertaking provided to be given by law, it shall be sufficient if the sureties sign an undertaking indicating that they are thereby bound to the obligations of the statute requiring the undertaking to be given. Such undertaking may be in form as follows:

(Title of court. Title of cause.)

"Whereas, the ―― desires to give an undertaking for (state what) ――, now, therefore, we the undersigned sureties, do hereby obligate ourselves jointly and severally, to (name who) ―― under said statutory obligations in the sum of ―― dollars.

"The sureties so signing such undertaking are bound to the full statutory obligations of the statute requiring the undertaking."

The bond here challenged discloses that it was given pursuant to Sec. 13-203, I.C., and that the surety is bound to the extent of the statutory obligations. In reading sections 13-203, I.C., and 12-613, I.C., together, the obligation is supplied and the surety cannot avoid payment thereof to the parties adverse to plaintiff in the event damages and costs are awarded against it, either on appeal or on a dismissal, hence, the motion to dismiss is denied. Bothwell v. Keefer, 52 Idaho 737, 20 P.2d 199; Muncey v. Security Ins. Co., 42 Idaho 782, 247 P. 785; Bain v. Olsen, 36 Idaho 130, 209 P. 721.

Respondent urges that plaintiff failed to introduce the Articles of Incorporation although they were marked and, hence, there is no showing as to the powers, if any, possessed by the plaintiff corporation and that there is no presumption of law that it had the right to loan money, the right to take mortgages or the right to sue to recover therefor. Such contention is without merit.

There is a presumption that the contract of a corporation is within its corporate powers and the burden of proving a contract ultra vires is on the party making that assertion and, furthermore, it must be specially pleaded. Wallace Bank & Trust Co. v. First Nat. Bank, 40 Idaho 712, 237 P. 284, 50 A.L.R. 316; Meholin v. Carlson,

17 Idaho 742, 107 P. 755; 19 C.J.S., Corporations, § 1119, page 693; 13 Am.Jur., sec. 756, p. 786.

The motion for nonsuit admits the truth of plaintiff's evidence and every reasonable inference of fact that can be legitimately drawn therefrom and evidence must be interpreted most strongly against the defendant. Bogovich v. Capitol Silver-Lead Mining Co., 71 Idaho 1, 224 P.2d 1078; Quinn v. Hartford Accident & Indemnity Co., 71 Idaho 449, 232 P.2d 965.

The crucial and decisive question presented on this appeal is whether the plaintiff, a foreign corporation which did not comply with the Constitution and statutes of this state, relating to foreign corporations doing business in Idaho, was doing business herein within the meaning of Art. 11, Sec. 10, Idaho Constitution, and Secs. 30–501 & 502, I.C. These provisions regulating foreign corporations do not apply unless the corporation is doing business within the state.

It is urged by respondent that under the pleadings it is disclosed that the plaintiff had no legal capacity to sue because the complaint shows it to be a foreign corporation and there is no allegation that it had complied with the foreign corporation laws of this state or, in the alternative, that the transaction sued upon did not arise out of doing business in this state. It is true that the complaint does allege that plaintiff is a foreign corporation but does not allege a

compliance with the laws of this state with reference to foreign corporations doing business herein; however, there is no allegation that the plaintiff was or ever had been doing business in Idaho; the complaint alleges the execution of the note and mortgages in the State of Washington and that the obligation thereof was to be performed in that state. It is true where the complaint discloses that the plaintiff is a foreign corporation it must then either show a compliance with the laws of this state which would entitle it to do business herein or it must show by facts constituting its cause of action that the transaction sued upon does not arise out of doing business within this state. Perry v. Reynolds, 63 Idaho 457, 122 P.2d 508; Bonham Nat. Bank of Fairbury v. Grimes Pass P. M. Co., 18 Idaho 629, 111 P. 1078. The complaint meets these requirements.

Respondent urges that the transaction was not a single and isolated transaction but that there were a series of contracts between the parties, all relating to the same general subject matter, which disclose when considered together that plaintiff was doing business in Idaho; in support of this proposition, respondent in his brief goes to great length to set forth the purported transaction and relationship as alleged as an affirmative defense in his answer; these allegations, without testimony, constitute no proof. Additionally, respondent urges that under cross-examination Denoo testified that the original deal-

ings were between Tekoa Land Company, a partnership, a predecessor of plaintiff, and Cannaday under contract and that plaintiff corporation took over the Cannaday contracts. A copy of one purported contract between the partnership and Cannaday is attached as an exhibit to the answer of respondent but there is no evidence in the record of any contract or contracts between the plaintiff corporation and Cannaday other than the note and mortgages given by Cannaday to plaintiff; hence, there is nothing before this court on the record for review with respect to any other dealings or transactions. Bogovich v. Capitol Silver-Lead Mining Co., supra.

■ Where a foreign corporation makes a loan and takes a note outside of Idaho, secured by a mortgage upon property in this state, and the entire transaction takes place in such other state, the place fixed for the payment of the note, neither the consummation of the transaction nor a foreclosure of the mortgaged property within this state constitutes doing business in Idaho within the meaning of Art. 11, Sec. 10, Idaho Constitution, and Secs. 30-501 & 502, I.C. Foore v. Simon Piano Co., 18 Idaho 167, 108 P. 1038; Bonham Nat. Bank of Fairbury v. Grimes Pass P. M. Co., 18 Idaho 629, 111 P. 1078; Diamond Bank v. Van Meter, 19 Idaho 225, 113 P. 97; Largilliere Co. v. McConkie, 36 Idaho 229, 210 P. 207; Burlington Sav. Bank v. Grayson, 43 Idaho 654, 254 P. 215; Portland Cattle Loan Co. v. Hansen Livestock & Feeding Co., 43 Idaho 343, 251 P. 1051; Continental Assurance Co. v. Ihler, 53 Idaho 612, 26 P.2d 792; Perry v. Reynolds, 63 Idaho 457, 122 P.2d 508; 23 Am.Jur., sec. 366, p. 349 and sec. 371, p. 356; 17 Fletcher, Cyc., Corporations, p. 542, secs. 8492-93.

Respondent places great reliance upon the case of John Hancock Mut. Life Ins. Co. v. Girard, 57 Idaho 198, 64 P.2d 254. The court, in that case, did not denounce or depart from the principles set forth in any of the above-cited cases; however, there were many facts and factors found in the Hancock case which readily distinguish it from all of these cases as well as the instant case; in the Hancock case the foreign corporation, through its agent in the State of Idaho, actively secured numerous investments which were evidenced by notes and mortgages made payable outside the state but which did recite on their face that they were executed under and governed by the laws of Idaho; additionally, such agent looked after the collection of principal and interest, the payment of taxes, the procuring of insurance on improvements and securing renewals from time to time; moreover, the foreign corporation negotiated the extension of the particular loan involved at maturity and secured additional personal liability and obligation from the purchaser of the property subject to the original mortgage given by the predecessor in interest of the purchaser and did at the same time retain the original security;

also, the corporation took many deeds in lieu of foreclosure and engaged in the rental and leasing of lands thus obtained, and also in some instances sold and conveyed the lands so acquired, and, in general, managed and developed such property in the furtherance of its business and carried on both agricultural pursuits and a real estate business in such lands so acquired. It transacted a substantial part of its ordinary business, continuous in character, in Idaho. None of these facts or factors appear in the instant case.

We conclude on the record before us and in harmony with the decisions of this court hereinabove cited that at the time the motion of nonsuit was granted the evidence before the court failed to show that the plaintiff was doing business in the State of Idaho within the meaning of the Constitution and statutes and that the court committed reversible error in entering judgment of nonsuit.

By so holding, it is not intended to, nor do we, preclude the defendant Cannaday from going forward with his proof, if any he has, upon the issues joined.

The court below, as hereinabove pointed out, decreed that the note and mortgages executed by Cannaday to the plaintiff were void and of no force and effect and further decreed the foreclosure of the More mortgage as a first and prior lien on the real property and quieted the title of Cannaday in the lands and premises against all claims and demands of plaintiff and barred and enjoined plaintiff from claiming any right, title, interest or estate in and to the lands and premises or any part thereof adverse to the title quieted.

Under the decree, even though the plaintiff was not doing business in Idaho, any right, title, interest or estate it had in the lands mortgaged were declared absolutely null and void.

Sec. 30–505, I.C., dealing with foreign corporations, provides as follows:

"Noncompliance—Effect on real estate holdings.—Such corporation can not take or hold title to any realty within this state prior to making such filings, and any pretended deed or conveyance of real estate to such corporation prior to such filings shall be absolutely null and void."

Under the provisions of Sec. 30–505, I.C., it is only foreign corporations that are doing business in this state without first complying with the constitutional and statutory provisions that are prohibited from taking and holding title to real estate acquired prior to compliance. Foore v. Simon Piano Co., 18 Idaho 167, 108 P. 1038. It has no application to a foreign corporation which is not doing business in this state. It follows that if the plaintiff was not doing business in Idaho it had a right to prosecute an action to foreclose its real estate mortgage, subject only to the rights of More, the first mortgagee; however, the decree cut off such right of plaintiff and in

this additional respect the decree of the court below cannot be sustained.

The judgment of nonsuit is reversed and the cause remanded with directions to the trial court to overrule the motion for nonsuit; the judgment of foreclosure of the More mortgage is modified so as to reserve appellant's rights and remedies as subsequent mortgagee and, as modified, is affirmed; that the court below proceed in accordance with the views herein expressed. Petition for rehearing denied. Costs to appellant.

PORTER, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.

Porter, C. J., and Thomas, J., dissented.