303 P.2d 242

**PATTON & ANDERSON, Plaintiff-Appellant,**

v.

**Wallace M. MELIOR, Defendant-Respondent.**

No. 8422.

Supreme Court of Idaho.

Oct. 30, 1956.

Elder, Elder, Cox & Mitchell, Coeur d'Alene, for respondent.

Stephen Bistline, Sandpoint, for appellant.

ANDERSON, Justice.

This is an action on a promissory note. The complaint alleged that on March 4, 1954, defendant gave plaintiff a promissory note in the sum of $457.14, bearing interest at the rate of six per cent per annum, that the note was given for a valuable consideration on the purchase of a truck, that no payment had been made on the principal or interest, and that the note was unpaid and overdue. Plaintiff, a partnership, prayed for judgment for the amount due, together with reasonable attorney's fees. Defendant filed an answer which was a general denial of the allegations in the complaint.

A trial was had, and, at the close of the plaintiff's case, defendant moved for a nonsuit on the ground of complete failure of proof. The motion did not point out wherein the evidence was insufficient. A nonsuit was granted by the trial court, but the record does not disclose upon what grounds. This appeal is from the judgment of nonsuit.

The only specification of error in this case is that the district court erred in nonsuiting the plaintiff.

An examination of the evidence discloses that plaintiff was unable to find the original note. Plaintiff's credit manager testified that he had not seen the note, but that records of the plaintiff showed its existence and that the note had been sold

to a Mr. E. R. Anderson, now deceased, who had no connection with the plaintiff. The credit manager stated that the note had been repurchased by plaintiff, but it could not be found, although a search was made of the plaintiff's records and also of Anderson's. The credit manager further testified that he could not say whether the note had been delivered back to the plaintiff's possession. He testified also that the note was unpaid, and that payment had been demanded.

Plaintiff offered in evidence a copy of the note. It was on a printed form, which was not filled in except for the figure "$475.14" in the upper left corner, the date, "3–4 54," the words "one year" from date as the time of payment, and it bore defendant's signature. The name of the payee and the interest rate were not filled in. Defendant, who was called as a witness for the plaintiff, testified he could not recall signing the copy, but he did acknowledge his signature thereon.

The transcript on appeal fails to disclose the ruling of the trial court as to the admission or denial of this exhibit in evidence. However, on the back of the note appears the following: "Plaintiff's Exhibit No. 2 for Identification Date Jan 3, '56 D M Reporter Accepted." It thus appears that it was admitted in evidence.

A motion for nonsuit admits the truth of the adversary's evidence, and every

**338**

inference of fact that may be legitimately drawn therefrom. Quinn v. Hartford Accident & Indemnity Co., 71 Idaho 449, 232 P.2d 965; Land Development Corp. v. Cannaday, 74 Idaho 233, 239, 258 P.2d 976.

In the case of Adams v. Bunker Hill & S. Min. Co., 12 Idaho 637, 89 P. 624, 11 L.R.A.,N.S., 844, this court stated:

"A nonsuit should only be granted when the evidence wholly fails to support the demand of plaintiff."

See also Watkins v. Watkins, 76 Idaho 316, 324, 281 P.2d 1057.

In 53 Am.Jur., Trial, sec. 318, p. 260, it is stated:

"A motion for nonsuit must be denied * * * if the evidence is sufficient in point of law to make out a prima facie case even though in the opinion of the court it may be a weak one. * * *"

 The evidence in the present case is weak; but considering it as a whole, together with the reasonable inferences that may be drawn therefrom, we are of the opinion that plaintiff made out a prima facie case. In passing on the defendant's motion for a nonsuit, the evidence in behalf of the plaintiff must be accepted as true, and all conflicts in testimony must be resolved in his favor; the evidence must be interpreted most favorably to him and most strongly against the defendant. 53 Am. Jur., Trial, sec. 313, pp. 257–258.

The judgment granting the nonsuit is reversed and the cause remanded for a new trial.

Costs to appellant.

TAYLOR, C. J., and KEETON, PORTER and SMITH, JJ., concur.