347 P.2d 759

E. A. ROBERTS and R. H. Roberts,
Plaintiffs-Appellants,

v.

AMERICAN MACHINE COMPANY,
Defendant-Respondent,

and

Bud Taylor, Sheriff of Idaho County,
Defendant.

No. 8802.

Supreme Court of Idaho.

Dec. 11, 1959.

J. H. Felton, Lewiston, for appellants.

Swayne & McNichols, Orofino, for respondent.

McQUADE, Justice.

The defendant, American Machine Company, executed an "Affidavit that Mortgage is in Arrears." This instrument related that payment of a certain note, secured by a chattel mortgage on a tractor, was delinquent. The affidavit, together with a "Sheriff's Notice of Attachment," was served upon the plaintiff, E. A. Roberts. The property was not taken into possession of the defendant, Bud Taylor, sheriff of Idaho County. Immediately after receiving these instruments, the plaintiffs commenced an action in the district court to contest summary foreclosure of the chattel mortgage, and urged the court to declare the note and mortgage void on the grounds that the defendant American Machine Company is a foreign corporation, not authorized to do business in the State of Idaho.

This appeal is from the judgment in favor of the defendant American Machine Company, and in no wise relates to the defendant Bud Taylor, sheriff of Idaho County. Therefore, the American Machine Company will be referred to as the defendant herein.

The answering defendant admitted it was a foreign corporation not authorized to do business in the State of Idaho, but it denied the note and the mortgage were void, for the reason that the transaction took place in the State of Washington. In its cross-complaint, the defendant alleged the plaintiffs to be a partnership under the name and style of E. A. Roberts and Son, and that the plaintiff E. A. Roberts, acting for himself or as a partner, executed a promissory note in the sum of $3,552.91 at Spokane, Washington, on December 21, 1956. The note was payable at the Washington Trust Bank, Spokane, Washington, in certain scheduled payments. At the time the promissory note was executed, the plaintiff, E. A. Roberts, also executed a chattel mortgage of a certain tractor. It is also alleged in the cross-complaint that the plaintiffs are in default, and, in exercise of an option to accelerate, declared the unpaid balance, together with interest, to be due.

The plaintiffs demurred to the answer and cross-complaint, urging that the American Machine Company had no legal capacity to sue in the State of Idaho. The demurrer was overruled, and the plaintiffs answered the cross-complaint, alleging that the American Machine Company, as a foreign corporation, was not authorized to do business in the State of Idaho; that E. A. Roberts was not the owner of the tractor; and that one W. W. Flint held the original purchase mortgage on which there was a sum due. When the plaintiffs filed the answer to the cross-complaint, they also filed

a motion to interplead W. W. Flint as a necessary party to the action. The court did not direct W. W. Flint to be made a party.

The plaintiffs requested answers to interrogatories concerning all defendant's business transactions in the State of Idaho, including any instruments relative thereto, for the years 1955, 1956, 1957, and 1958. An objection was made to the interrogatories on the grounds that the cost would be approximately $1,500, and require approximately 30 days to complete, and further that such interrogatories would constitute an oppression and that such matters were immaterial and irrelevant to the case. After a hearing, the trial court concluded all of the interrogatories to be oppressive and unrelated to the issues, save and except (1) At what times defendant had been authorized to do business in Idaho; (2) Whether the defendant was authorized to do business in Idaho during 1956, 1957, and 1958.

The plaintiffs made an offer of proof that the defendant maintained salesmen and servicemen in Idaho, and that this transaction of repairing the tractor constituted doing business in Idaho. Based upon the pleadings, interrogatories of both parties, and a pre-trial statement of the pleadings, a pre-trial order of the court was approved by the parties. The order related that all pleadings were superseded by that order and could not be amended except by consent of the parties or order of the court. The pre-trial order related that the plaintiff contended the years of defendant's business activities in Idaho precluded it from enforcing the mortgage in the State of Idaho. The order also stated that the defendants contended the transaction was interstate commerce and not the doing of business in Idaho.

W. W. Flint was not considered a necessary party by the trial court. The court ruled plaintiffs' offer of proof to be immaterial, irrelevant, incompetent, and remote, and that the transaction took place outside the State of Idaho, and that insofar as this transaction was concerned the defendant was not doing business in the State of Idaho.

■ Appellant assigns as error the refusal of the trial court to interplead W. W. Flint. This assignment of error is without merit, in that Flint's mortgage was prior to the defendant's mortgage. The interest which the defendant had would be subject to the prior mortgage, and it was unnecessary to interplead the prior mortgage holder. The defendant did not raise an issue concerning Flint's interest or priority; therefore there was no adverse interest. The statute referred to by the plaintiffs is I.C. sec. 5–313, which in part states:

"Any person may be made a defendant who has or claims an interest in

the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein.
\* \* \*"

W. W. Flint claims no interest adverse to the plaintiffs, nor is he a necessary party to a complete determination of the controversy existing between these parties.

The plaintiffs assign as error the overruling of plaintiffs' demurrer to the cross-complaint for the reason that the defendant did not plead it was authorized to do business in the State of Idaho, nor justify that it was entitled to enforce its contract in Idaho.

The cross-complaint alleges the defendant is a foreign corporation and that the entire transaction was consummated in the State of Washington. The allegation of such facts was sufficient to justify the action of the trial court in overruling the demurrer.

"\* \* \* It is true where the complaint discloses that the plaintiff is a foreign corporation it must then either show a compliance with the laws of this state which would entitle it to do business herein or it must show by facts constituting its cause of action that the transaction sued upon does not arise out of doing business within this state." Land Development Corp. v. Cannaday, 74 Idaho 233, 258 P.2d 976, 979.

See also Perry v. Reynolds, 63 Idaho 457, 122 P.2d 508; Bonham Nat. Bank of Fairbury v. Grimes Pass Placer Min. Co., 18 Idaho 629, 111 P. 1078.

Appellants also assign error in the trial court's refusal to require a disclosure of the defendant's activities for four years within the State of Idaho, all of which are totally unrelated to the singular transaction relating to the note and mortgage herein. This Court has ruled upon an identical point in Marshall-Wells Co. v. Kramlich, 46 Idaho 355, 267 P. 611, 617. It was stated therein:

"The trial court did not err in excluding the testimony, or in denying the offer of proof to the effect that the respondent was, in other matters and with other parties, doing business in this state."

Plaintiffs also assign as error the granting of the judgment in that the defendant was unauthorized to resort to the courts of the State of Idaho for redress. The pleadings, pre-trial order, and plaintiffs' offer of proof do not controvert the fact that this particular transaction was contracted in the State of Washington, and the trial court was correct in so concluding. It must be treated as a transaction completed in another state, and enforceable within the State of Idaho. Land Development Corp. v. Cannaday, supra; Largilliere Co. v. McConkie, 36 Idaho 229, 210 P. 207;

**560**

Bettilyon Home Builders Co. v. Philbrick, 31 Idaho 724, 175 P. 958; Marshall-Wells Co. v. Kramlich, supra.

The judgment is affirmed.

Costs to respondent.

TAYLOR and SMITH, JJ., and SPEAR, District Judge, concur.

PORTER, C. J., sat at the hearing, but did not participate in the decision.

KNUDSON, J., not participating.